City vs. Bayley.

No. 8863.

THE CITY OF NEW ORLEANS VS. TIMOTHY BAYLEY.

A "mechanic who employs assistance" is exempt from a license tax upon his trade, under the clause of the Constitution excepting those engaged in mechanical pursuits from the enumeration of occupations liable to such tax.

APPEAL from the First City Court of New Orleans.   *Skinner*, J.

*J. W. Gurley Jr.* and *H. G. Morgan* for Plaintiff and Appellee.

*B. R. Forman* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J.   The defendant appeals from a judgment condemning him to pay a license for the year 1882 upon his occupation of "mechanic who employs assistance," imposed by the City under authorization of an Act of 1880.   Acts, p. 143.

The Constitution permits the General Assembly to levy a license tax, and prescribes that all persons   *   *   pursuing any trade   *   * may be rendered liable to such tax except   *   *   those engaged in mechanical pursuits, and other specified occupations.

The defendant is a plasterer, works at his trade with his own hands, and when executing a larger contract than he can conveniently do himself, employs other plasterers to assist him.

Manifestly he is engaged in a mechanical pursuit.   The employment of assistance in his occupation does not alter the nature of his occupation.   The Constitution exempted those engaged in mechanical pursuits from the payment of license upon their trades.   It was in force when the Act of the General Assembly, under which the City passed her ordinance, was enacted.   The ordinance, following the language of the Act, imposed a license tax upon every individual carrying on the business of   *   *   mechanic who employs assistance.

The superior law had already prohibited that kind of business from being taxed, and therefore the legislature was without authority to impose a tax upon it.   Much more was the City without authority. Therefore,

It is ordered and decreed that the judgment of the lower court is reversed, and that the defendant now have judgment against the plaintiff rejecting her demand, and for costs in both Courts.