City vs. Lagman & Son.

## No. 10,837.

### CITY OF NEW ORLEANS VS. A. LAGMAN & SON.

1. A mechanic who constructs and shapes materials with his own hands is engaged in a mechanical pursuit.

2. He will be exempt, although he employs other mechanics who work with him, and, like him, follow a mechanical pursuit.

APPEAL from the Second City Court of New Orleans. *Lavillebeuvre, J.*

*W. B. Sommerville,* Assistant City Attorney, and *Carleton Hunt,* City Attorney, for Plaintiff and Appellant.

*B. R. Forman* for Defendants and Appellee.

The opinion of the court was delivered by

BREAUX, J. Plaintiff sued defendants to enforce the payment of a license tax for the years 1888, 1889 and 1890, and claims that they are liable as master builders.

The licenses are claimed under Section 12 of Ordinance 2661, C. S.

Defendants in their answer denied the allegations of plaintiff, and alleged that they are carpenters, and were engaged during the years 1888, 1889 and 1890 in a mechanical pursuit, building and repairing houses.

They also alleged that they are exempt from a license tax under Article 206 of the Constitution.

From a judgment in favor of defendants, plaintiff appeals.

The record discloses that the defendants are carpenters. They build houses and other structures. Their labor was manual, and in its performance they used the spirit level, the square, the saw, hammer and other carpenters' tools. They manipulated and gave shape to the material in building.

The witness, Lagman, testifies "he contracted for buildings in 1888 and 1889; it was pretty near all day's work." "I followed the carpenter's trade all along." "I performed manual labor on the buildings myself, from the first piece of timber, in framing, in finishing, to the very completion of the house."

The testimony is not disputed. The plaintiff states in the brief: "These defendants, unless it may be A. Lagman & Co., are not engaged in a mechanical pursuit."

They employed the carpenters who worked with them and under their direction in constructing houses.

The phrase, "those engaged in mechanical pursuit," as incorporated in Article 206 of the Constitution, has been interpreted in several decisions.

In City of New Orleans vs. Timothy Bayley, 35 An. 545, the defendant worked at his trade with his own hands. In the performance of a contract he employed other plasterers to assist him.

The court decided that the superior law prohibited the imposition of a license tax on a plasterer, and that the employment of assistance did not exclude him from the exemption.

This interpretation was affirmed in Theabold, Tax Collector, vs. Connor, 42 An. 787, from which we copy:

"Undoubtedly that opinion is correct, for Bayley was a plasterer, and worked at his trade with his own hands."

The attempt to hold the defendants responsible for the payment of a license as master builders must fail.

The undisputed evidence before us establishes that they were engaged as carpenters, and as the house was constructed "continued to use the tools and appliances of that mechanical pursuit."

The fact that others assisted can not exclude them from the exemption.

As in the Bailey case, they worked at their trade with their own hands, and were therefore engaged in mechanical pursuit.

A mechanic is any skilled worker with tools, a workman who shapes and applies materials in the construction of houses.

As interpreted by our court, one actually engaged with his own hands in constructive work.

The defendant having testified in answer to a question propounded, that he did perform manual labor in building, from the first piece of timber to the last. This evidence being undisputed, we conclude that he is exempt.

The cases of the other defendants being different, in so far as relates to occupation followed by them, will be hereafter decided.

The judgment appealed from is affirmed in so far as A. Lagman & Son are concerned, at plaintiff's costs.