### EX PARTE W. B. HOLMAN.

*No. 1090.   Decided June 26th, 1896.*

**License Tax—Soliciting Orders for Photographs, Pictures, etc.—Interstate Commerce.**

Rev. Stat., Art. 5094, in so far as it imposes a license tax for soliciting orders for photographs, pictures, etc., for a corporation in another State, is a tax upon interstate commerce, and is unconstitutional.

APPEAL from the County Court of Grayson.   Tried below before Hon. J. H. WOOD, County Judge.

The evidence was that applicant was engaged in soliciting work for the Chicago Portrait Company, and had not paid the occupation tax prescribed by the statute of Texas, and had not obtained a license therefor. That the work and business for which he solicited consisted in the manufacture of large pictures of persons or families, which large pictures were made or copied from small portraits or photographs which were furnished by the customer, and said business was what is commonly known as enlarging pictures. That the business for which appellant was soliciting was not conducted in Grayson County, but was conducted in the city of Chicago, in the State of Illinois. That the Chicago Portrait Company is a corporation duly incorporated under the laws of the State of Illinois, with its only office, manufactory and place of business in the city of Chicago, and that it has no office or place of business or manufactory in the State of Texas. That appellant, in soliciting for said company, went from house to house in the State of Texas, exhibit-

ing samples of the work of said company, and when he procured orders he would forward the same, together with the small picture to be enlarged, to his house in Chicago, and that there all the work would be done, and all the material would be furnished by said company at its place of business in Chicago; and after the large picture had been made it would be sent to the customer in Texas or elsewhere, as the case might be, and the same would be delivered to the customer, and the price collected by another and different employee of said company. That appellant was not otherwise engaged than as above stated, and was acting solely for said Chicago Portrait Company, and received his compensation from it, and was its duly authorized agent and solicitor.

*Beaty & Culver*, for relator, cited Rev. Stat., Art. 5049, and Brennan v. City of Titusville, 153 U. S., 289.

*Mann Trice*, Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

HURT, PRESIDING JUDGE.—The relator, Holman (upon complaint), was arrested in Grayson County for soliciting orders for photographs, pictures, etc., without paying the license required by Art. 5049, New Rev. Civ. Stat., 1895. He applied to the County Judge of Grayson County for a writ of habeas corpus, and upon an order of that court was remanded to the custody of the officer, from which judgment he appeals to this court. The proof showed that he was operating this business as the agent of a corporation situated in the city of Chicago, Ill, and that said corporation had no place of business in Texas. The question arises as to whether the State of Texas could tax this business under the circumstances of this case. This precise question was decided in the case of Brennan v. City of Titusville, 153 U. S., 289, 14 Sup. Ct., 829. The facts in the Brennan case are substantially the same as the facts in this case. A unanimous court held that such a tax was a tax upon interstate commerce, and therefore unconstitutional. The judgment is reversed, and the relator discharged.

*Reversed and Relator Discharged.*