### J. H. TALBUTT v. THE STATE.

No. 1638.   Decided March 16, 1898.

**Occupation Tax—Lightning Rods—Interstate Commerce.**

An occupation tax upon the sale of lightning rods manufactured in another State and sold upon orders taken by a traveling salesman in this State, is unconstitutional as being a tax upon interstate commerce.

APPEAL from the County Court of Grayson.  Tried below before Hon. J. H. WOOD, County Judge.

Appeal from a conviction for pursuing the occupation of canvassing for the sale of lightning rods without paying the occupation tax and obtaining a license; penalty, a fine of $150.

No statement necessary.

*Hazelwood & Smith,* for appellant.—The court erred in finding appellant guilty and assessing a fine against him, because subdivision 35 of article 5049 of the Revised Statutes of Texas, as amended in chapter 13 of the Laws of the First Called Session of the Twenty-fifth Legislature of Texas, in so far as it levies a tax upon the business and occupation of appellant, is violative of subdivision 4 of section 3, article 1, of the Constitution of the United States, and is inoperative and void, and appellant can not be held to answer a prosecution for the failure to pay said tax.

No State can levy a tax on interstate commerce in any form, whether by way of duties laid on the transportation of the subject of that commerce or on the receipts derived from that transportation, or on the occupation or business or carrying it on.  Ex Parte Holman, 36 Texas Crim. Rep., 255; Brennan v. City of Titusville, 153 U. S., 289; Asher

v. Texas, 128 U. S., 129; Corson v. Maryland, 120 U. S. 502; Robbins v. Taxing Dist., 120 U. S., 489; Gibbons v. Ogden, 9 Wheat., 1.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The offense was committed in January, 1898. The punishment was assessed at a fine of $150. The evidence shows that the appellant was representing Cole Bros., who resided in Greencastle, Putnam County, Ind., and who carried on their business at that place. Cole Bros. have not, and never have had, a place of business within the limits of the State of Texas, and appellant is their agent and representative soliciting orders for the placing of lightning rods on houses in Grayson County, and when the orders are secured they are sent to the place of business of Cole Bros., at Greencastle, Ind. Lightning rods were then made in obedience to said orders, shipped to Texas, and, when required to do so, appellant assisted in placing these lightning rods at the places desired by the purchasers. For this he collected the money for the sale, or took notes, as the case might be. Without going into any discussion of the matter further than heretofore, we hold that the conviction was erroneous. This seems, under the decisions of the Supreme Court of the United States, to be a tax upon interstate commerce. See Ex Parte Holman, 36 Texas Crim. Rep., 255; Brennan v. City of Titusville, 153 U. S., 289; 14 Sup. Ct., 829; Asher v. Texas, 128 U. S., 129; 8 Sup. Ct., 1; Corson v. Maryland, 120 U. S., 502; 7 Sup. Ct., 655; Robbins v. Taxing Dist., 120 U. S., 489; 7 Sup. Ct., 592. The judgment is reversed and the cause remanded.

*Reversed and remanded.*