### A. J. MULLINNIX v. THE STATE.

#### No. 2245. Decided January 30, 1901.

**1. Occupation Tax—Photographer—Constitutional Law.**

The business of a photographer is not a mechanical one, and is not, therefore, embraced in section 1, article 8, of the Constitution, which inhibits the imposition of an occupation tax upon a business which is mechanical. The constitutional article refers to mechanics, that is, builders and carpenters, or those skilled as workers with tools. Because a business is partly mechanical, does not exempt it from an occupation tax.

**2. Same—Uniformity of Taxation—Interstate Commerce.**

The State has the power to tax, with uniformity, its own citizens who pursue the occupation of photographers notwithstanding agents of foreign houses are exempt under the interstate provision of the Constitution of the United States.

**3. Same—Evidence Insufficient.**

The Act of 1897, Revised Statutes, article 5049, subdivision 6, does not impose an occupation tax on a photographer, but on the owner of a photograph gallery. See evidence held insufficient to support a verdict and judgment of conviction for pursuing such occupation without payment of said tax.

APPEAL from the County Court of Tarrant. Tried below before Hon. M. B. HARRIS, County Judge.

Appeal from a conviction of pursuing the occupation of a photographer without having first paid the tax and procured a license therefor; penalty, a fine of $15.

The opinion states the case.

*Wynne, McCart & Bowlin,* for appellant.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Apellant was convicted of pursuing the occupation of a photographer without first having paid the tax and procuring a license therefor. His punishment was assessed at a fine of $15, and he appeals.

The following are the facts proven: "That defendant was the agent and representative of a photograph gallery in Dallas County, Texas, and as such representative was, on November 4, 1898, in said Tarrant County, taking photographs of houses, and offering the same for sale, and soliciting business for said gallery, in said Dallas County, and had paid no license or occupation tax in said Tarrant County for the follow-

ing of the occupation of a photographer; that defendant's principal, the said photographer or owner of the said gallery in said Dallas County, had then duly paid said tax or license in said Dallas County; that a photographer's business, or what is known as his 'gallery,' is composed of frames, pictures, etc., as merchandise, besides any tools or apparatus used in taking photographs; that photographers, in pursuing their said occupation, depend upon the sale of said merchandise, as well as any results in the taking of photographs; and that the skill in taking said photographs is due more to artistic knowledge and experience than to the use of their said tools and apparatus alone." Appellant insists that the Act of 1897 (see Laws Special Session, 1897, page 50, subdivision 6; Sayles, Civil Statutes, article 5049, subdivision 6), which levies an annual tax of $10 on every photographer or owner of a daguerrean, photograph, or other like gallery, is unconstitutional because the business of a photographer is mechanical, and such a tax is inhibited by subdivision 1 of article 8 of the Constitution. We can not agree with this contention. In our opinion, this clause of the Constitution does not embrace the calling of a photographer or artist, but more properly refers to mechanics; that is, builders and carpenters. True, a photographer may do some work with tools of a mechanical character; that is, his business may be partly mechanical. In its breadest sense, a mechanic is any one who is a skilled worker with tools, but one may have a business which is partly mechanical, such as a farmer, a surgeon, or an artist, and the like, and not be a mechanic. See Century Dictionary.

Again, appellant says the tax here levied is not uniform, and so is inhibited by subdivision 2 of article 8 of the Constitution, inasmuch as it is not levied on one who may be pursuing the same occupation as the representative of a foreign house, which is protected by interstate commerce; that is, it is urged that one who may be pursuing the same vocation, which is protected by interstate commerce, is not amenable to the tax, and that, therefore, a tax can not be levied on a citizen of this state pursuing the occupation entirely within the State. It has been held that a license tax can not be collected on an agent of a house situated in another State, with no place of business in Texas, who solicits orders for such foreign house; that is, orders for photographs, pictures, etc., to be enlarged, or work concerning which is to be done abroad. See Ex Parte Holman, 36 Texas Crim. Rep., 255. But it does not follow that, because such agents of foreign houses are exempt from the tax, the State has no right to tax its own citizens, where this is done with uniformity, and without discrimination between its own citizens pursuing the business within the State. Robbins v. Taxing Dist., 120 U. S., 489, 7 Sup. Ct., 592, 30 L. Ed., 694.

However, another question occurs to us, to wit, does the evidence sustain the verdict of the jury? The language of the statute is that every owner of a photograph gallery is amenable to the tax. If the

evidence established the fact that appellant owned or operated a daguerrean or photograph gallery in Tarrant County, then he would have to pay the tax, whether he owned a gallery in Dallas or not. As we understand it, the tax is levied upon every operator or owner of any daguerrean, photograph, or other like gallery, wherever situated. But does the proof in this case show appellant had such a gallery in Tarrant County, or that he was operating such a gallery in Tarrant County? We have searched the brief statement of the facts carefully, and failed to find that he was. It is stated he was taking photographs of houses, and offering same for sale. We take it that this was all in Tarrant County, But he might be taking photographs of houses and offering same for sale without having a photograph gallery. He might have had his apparatus, might have been operating with a "kodak;" and taking pictures, but might have completed his work in the gallery at Dallas from the negatives so taken in the field. At any rate, there is no testimony to the effect that he had such a gallery in Tarrant County. That he was operating for a gallery in Dallas is manifest. The tax is not levied on the vocation of the photographer, but on the owner of a photograph gallery. From the case stated, we are of the opinion that the evidence fails to sustain the verdict, and the judgment is reversed, and the cause remanded.

*Reversed and remanded.*