## W. P. JACKSON V. THE STATE.

### No. 3795. Decided June 24, 1908.

### Rehearing Denied March 23, 1909.

**1.—Illegally Pursuing the Practice of Barbering—Information—Constitutional Law—Occupation Tax—Mechanical Pursuit.**

The Act of the Thirtieth Legislature, page 275, regulating the practice of barbering, etc., contravenes article 8, section 1, of the Constitution of Texas, declaring that mechanical pursuits shall not be subject to an occupation tax, and is therefore unconstitutional.

**2.—Same—Equal and Uniform Taxation.**

The Act of the Thirtieth Legislature, page 275, contravenes article 8, section 1 of the Constitution of Texas in that the same is not equal and uniform taxation, and contains numerous exemptions not based upon any reasonable or rational classification.

**3.—Same—Special Privileges—Bill of Rights.**

The Act of the Thirtieth Legislature, page 275, contravenes section 3 of the Bill of Rights of Texas in that it grants special privileges to certain individuals, and denies such privileges to others who follow the same occupation.

**4.—Same—Tax—License.**

The Act of the Thirtieth Legislature, page 275, regulating the practice of barbering, levies a tax on the occupation of barbering, although it denominates the same as a license fee and requires a certificate of registration, etc., and is discriminatory and unequal taxation, and therefore unconstitutional. Ramsey, Judge, dissenting.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. M. Holland.

Appeal from a conviction of unlawfully pursuing the practice of barbering; penalty, a fine of $10.

The opinion states the case.

*Crawford & Crawford* and *W. I. Ford,* of firm, for appellant.— On question of mechanical pursuit: Mullinnix v. State, 42 Texas Crim. Rep., 526, 60 S. W. Rep., 768, and cases cited in the opinion. On question of tax and license: Meriwether v. Garrett, 102 U. S., 472; City of Santa Barbara v. Stearns, 51 Cal., 499; Hoefling & Son v. City of San Antonio, 85 Texas, 28. On question of special privileges: Case cited in the opinion.

*R. V. Davidson,* Attorney-General; *F. J. McCord,* Assistant Attorney-General; *J. T. Sluder* and *Claude Pollard,* Office Assistants of Attorney-General, for the State.—On question of mechanical pursuit: Cases cited in dissenting opinion.

The Act does not impose any tax upon the pursuit of the occupation of a barber. The $2 imposition under section 6 is simply a fee imposed under the police power of the State for the purpose of

making a police regulation self-sustaining, and is in no sense an occupation tax. It is never required to be paid at once.

The tax contemplated by article 8, section 1, of the Constitution, is such as is raised for general purposes and refers to those taxes only, the levying of which is prompted by the primary object of raising revenue for the support of government, and an act does not become an occupation tax act or a tax act merely because as an incident to the main object it may contain some provision for the payment of certain dues or license fees. Geif v. The State, 31 Texas Crim. Rep., 514; Twin City Bank v. Nebeker, 167 U. S., 196; Harper v. Elberton, 23 Ga., 566; State v. Bernheim, 19 Montana, 512; State v. Wright, 14 Oregon, 365; Brown v. the City of Galveston, 97 Texas, 1; Johnson v. Loper, 46 N. J. L., 325.

The clause in the Constitution "taxation shall be equal and uniform" refers to taxes levied upon property, and has no reference to a license tax upon a business or avocation. 25 Cyc., 605; People v. Nagkee, 52 Amer. Dec., 312; People v. Coleman, 60 Amer. Dec., 581; Terre Haute v. Kersey, 95 Am. St. Rep., 298; City of Newton v. Atchison, 47 Am. St. Rep., 486; State v. Hammond Packing Co., 98 Am. St. Rep., 459; State v. Bixman, 62 S. W. Rep., 828.

The license fee authorized in the Barber's Law is not a tax, but a police regulation. Ex parte Gregory, 20 Texas Crim. App., 210; Brown v. Galveston, 97 Texas, 1; State v. Sharpless, 96 Am. St. Rep., 893; State v. Bixman, 62 S. W. Rep., 828; Ex parte Lucas, 61 S. W. Rep., 218; State v. Zeno, 79 Am. St. Rep., 422.

Article 1, section 3, of the bill of rights, reads as follows:

"All free men when they form a social compact have equal rights and no man or set of men is entitled to exclusive separate public emoluments or privileges, but in consideration of public services."

This provision of the Constitution has been held to have no reference to the private relations of the citizens, nor to the action of the Legislature in passing laws regulating the domestic policy and business affairs of the people. 25 Cyc., 608; Supreme Lodge, U. B. A., v. Johnson, 98 Texas, 1; Receiver v. Cook, 86 Texas, 634; Insurance Co. v. Chowning, 86 Texas, 654; Tarrant Co. v. Butler, 35 Texas Civ. App., 421; Glasgow v. Terrell, 102 S. W. Rep., 98; Marchant v. Pa. R. R., 153 U. S., 389.

The discrimination in the law against cities and towns of one thousand inhabitants or less does not violate this provision of the Constitution. Ex parte Lucas, 61 S. W. Rep., 218; Banking & Ins. Co. v. State, 42 Texas, 636; Blessing v. Galveston, 42 Texas, 641; State v. Sharpless, 96 Am. St. Rep., 893.

The Legislature has power to make such reasonable regulations for the conduct of places of business and the employment of labor as the general welfare requires, even though such regulations may interfere with a man's control over his own property. 8 Cyc., 889, and authorities there cited.

In like manner the State has power to make such reasonable provisions for the regulation or control· of trades and professions as the health, safety, comfort or general welfare of the people demand. 8 Cyc., 890, and authorities there cited.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for violating the Act of the Thirtieth Legislature regulating the practice of barbering, the registering and licensing of persons to carry on such practice, etc.

The facts show that on the 21st of October last appellant was following and had been pursuing his trade or occupation as a barber for about six years, and by this means earned support for himself by cutting the hair and shaving the beard of those' who patronized his shop, and on the particular date in question he had cut the hair of S. D. Williams, as well as shaved him, for which he charged the price of 35 cents for the hair cutting, and 15 cents for shaving him. In other words, the agreed statement of facts show that he was a barber following that business, and was at the time of the passage of the law, with the violation of which he is charged, and had been for six years, and that under the law he would have been entitled to a certificate of registration upon his making the proper affidavit for that purpose, and that he had not made such affidavit, and that the barber's certificate of registration had not been issued to him by the Board provided for by the Act of the Legislature. The agreed statement of facts is sufficient to show a violation of the act.

Motion was made to quash the complaint and information in that the law was unconstitutional, being in contravention of article 8, section 1, of the Constitution, which provides that the Legislature "may tax incomes of both natural persons and corporations other than municipal, except that persons engaged in mechanical and agricultural pursuits shall never be required to pay an occupation tax," the contention under this ground being that the occupation of a barber is a mechanical pursuit, and, therefore, protected by said provision of the Constitution, and the fees required to be paid by him before he can pursue said occupation is a tax within the meaning of said section of· said Constitution. The authorities are somewhat divided as to whether or not the profession or trade of a barber is a mechanical pursuit. In Texas it has been held in Fore et al. v. Cooper, 34 S. W. Rep., 314, that the tools, implements and pertinences of a barber shop are exempt from execution. This ruling seems to have been followed in Tennessee in the case of Terry v. McDaniel, 53 S. W. Rep., 732. For some of the decisions of the different courts of the union, see Terry v. McDaniel, supra. In Louisiana the Supreme Court held in State v. Hirn, 46 La. Ann., 1443, that the pursuit was mechanical and that the barber was not subject to pay an occupation tax. The Constitution of Louisiana provides "that the Leg-

islature may levy an occupation tax upon all occupations, except
. . . mechanical pursuits, . . ." See article 206, Louisiana
Constitution. Passing upon that question, this language is used by
the Supreme Court of that State: "The Constitution of the State
exempts from license tax persons engaged in mechanical pursuits.
Defendant is a barber, and the sole question is whether the trade
of a barber is a mechanical pursuit within the meaning of the Con-
stitution. We think it is. The labor of a barber is manual; his
work is mechanical. Hair-cutting is as much a mechanical pursuit
as wood-cutting." See also State v. Dilenschneider, 44 La. Ann.,
1116. This court in Mullinnix v. State, 42 Texas Crim. Rep., 526,
60 S. W. Rep., 768, held that, "In its broadest sense a mechanic is
any one who is a skilled worker with tools." See also City of New
Orleans v. Lagman, 10 So., 244, 43 La. Ann., 1180; Theobalds v.
Conner, 7 So., 689, 42 La. Ann., 787; City of New Orleans v. Bayley,
35 La. Ann., 545. If we are right in the contention that appel-
lant's business was a mechanical pursuit, the Legislature was power-
less to levy a tax upon it, although they might call it a license fee.
This license fee does not apply to all barbers alike, even in the same
classification if classification is authorized.

The second proposition relied upon by appellant is that the act is
unconstitutional in that it is discriminating and not equal and uni-
form, in that said law exempts from said license fee: (1), students
of the State University, and other schools of the State, who are or
may be making their way through school by serving as barbers; (2)
it exempts those who may be serving as barbers in any of the
eleemosynary institutions of the State; and (3) it exempts persons
following the occupation of barber in towns of one thousand inhab-
itants or less; and it is further claimed, in this connection, that the
law is void, because in the particulars above mentioned it violates
section 3 of the Bill of Rights of Texas, in that it grants special
privileges to certain individuals, and denies such privileges to this
defendant, all of whom follow the same occupation. We believe
these propositions are well taken, and have been so recently dis-
cussed by this court in the cases of Ex parte Woods and Owens v.
State, decided at the Dallas term, 1908, we deem it unnecessary to
go into an elucidation of them.

The eighth section of the Act of the Thirtieth Legislature, at
page 275, reads as follows: "Nothing in this Act shall prohibit any
person from serving as a barber apprentice under a barber authorized
to practice his trade under this act, provided that any person de-
siring to so work as an apprentice must apply to said Board to have
his name entered in a register kept by the Board for such purpose,
giving the date of his apprenticeship, and after serving two years in
the trade, he will then be eligible to become a registered barber, by
complying with the provisions of section 7 of this act. Provided,
that nothing in this act shall apply to the students of the State

University or other schools of the State who are or may be making their way through school by serving as barber, or those serving as barber in any of the eleemosynary institutions of the State; nor shall the provisions of this section apply to persons serving as barber in towns of 1000 inhabitants or less." Section 6, of the same act, requires every person engaged in the business of barbering, within ninety days after the approval of the act, to file with the secretary of the Board of Examiners an affidavit setting forth his name, residence and length of time which, and the place in which he has practiced such occupation, and shall pay to the treasurer of said Board two dollars, and a certificate of registration entitling him to practice said occupation in this State shall be issued to him subject to the provisions of this act. It would hardly be contended that under the exemptions of section 8, supra, that the students of the University, the pupils of other State schools, and those who may be serving as barbers in eleemosynary institutions, and those who follow the occupation of a barber in towns of 1000 inhabitants or less, are not subject to the provisions of this law; all other barbers are. The intention of this act, it would seem, from its caption, is to regulate the practice of barbering, registering and licensing persons to carry on such practice, and to insure better education of the practice, and to insure better sanitary conditions in barber shops, and to prevent the spread of disease in the State of Texas, and declaring an emergency. If the Constitution requiring all taxes to be equal and uniform, provided such a tax or license fee may be levied as provided by this bill, and it would make no difference whether it is a license fee or a tax, so far as these provisions are concerned, then barbers at the University and other schools, eleemosynary institutions, and in towns of 1000 inhabitants or less, are not brought within its provisions, and are not subjected to the same penalties, regulations or control as are those who come within its provisions. It may not be readily perceived, nor intelligently understood why a barber or a lot of barbers in the various towns of Texas of a thousand inhabitants or less could not as easily spread contagious or infectious diseases from their shops as could the barbers in towns of a thousand or more. There is nothing expressed in the law, nor in fact which would indicate that the smaller towns and barber shops therein are less liable to spread infectious or contagious diseases than are the barber shops in the larger towns. Nor is there anything patent on the face of the law, nor to be perceived from occult vision beyond the law why a barber in a school or university or eleemosynary institution, would not as readily spread from his shop diseases as barbers who do not operate in such places. It may or may not be a fact that the great student body of our State University will confine themselves entirely to barbers inside the institution, and may not go upon the streets of the city of Austin and into the barber shops and catch

contagious diseases and then visit the institution and be operated upon by the student barber and thus spread disease, and so as to the other public schools of the State scattered around in villages and hamlets of a thousand or less inhabitants, and thus spread the disease. But, whatever may have been the thought in the legislative mind as to why these classes or persons should be exempted in violation of the provisions of the Constitution, we are of opinion that such intent can not operate, and we are of opinion that the favored and exempted classes mentioned, especially with reference to the barbers in schools and eleemosynary institutions, can not be exempt and this law remain constitutional. Sanitary regulations should operate upon all alike when subject to same conditions.

There are other questions raised perhaps that might be equally fatal to the law, but whatever else may be said of this act, we are of opinion that the recent cases of Ex parte Woods and Owens v. State, decided at the Dallas term, are conclusive against the validity of this law. For those who feel sufficiently interested to follow up the question, we refer to those cases for authority.

The law, therefore, is held unconstitutional, and the judgment is reversed and the prosecution is ordered dismissed.

*Reversed and dismissed.*

[Rehearing denied March 23, 1909.—Reporter.]

### DISSENTING OPINION.

RAMSEY, Judge (dissenting).—I am unable to agree to the opinion or judgment of the majority of the court. If it be conceded that the small sum required to be paid for certificates is a "tax," in the sense in which that word is used in the Constitution, then it would follow logically that the law is invalid, since it contains numerous exceptions, not based on any reasonable or rational classification. However, I do not believe the two dollars required to be paid, under the terms of this act, is in any proper sense a tax or any part or portion of the taxing system of the State. I deem it unnecessary to elaborate my views. My sole purpose is to state my position. With great reluctance, I respectfully enter my dissent.

The following authorities, I believe, abundantly sustain my position: Geif v. State, 31 Texas Crim. Rep., 514; Twin City Bank v. Nebeker, 167 U. S., 196; Harper v. Elberton, 23 Ga., 566; State v. Bernheim, 19 Mont., 512; State v. Wright, 14 Oregon, 365; Brown v. Galveston, 97 Texas, 1; Johnson v. Loper, 46 N. J. L., 325; State of Minn. v. Lens, 48 L. R. A., 88; State v. Sharpless, 96 Am. St. Rep., 893; Ex parte Lucas, 61 S. W. Rep., 219. In the last three cases cited quite similar statutes were upheld. 25 Cyc., 605; People v. Nagkee, 52 Am. Dec., 312; Terre Haute v. Kersey, 95 Am. St. Rep., 298; People v. Coleman, 60 Am. Dec., 581; Ex parte Gregory, 20 Texas Crim. App., 210. Many others might be cited.