## GAULDEN *v.* WRIGHT, comptroller-general.

The provision of the Civil Code, § 1187, relating to the power of the comptroller-general to issue execution against tax-collectors and the sureties on their bonds, where there is a failure to settle their accounts in terms of the law, is violative of the due-process clause of the constitution. Civil Code, § 6359.

(*a*) It was erroneous to refuse to enjoin the enforcement of such an execution where the unconstitutionality of the law was urged as a basis for the injunction.

(*b*) It is unnecessary to deal with other questions presented in the record.

NOVEMBER 14, 1913.

Petition for injunction. Before Judge Thomas. Brooks superior court. June 6, 1913.

*Branch & Snow,* for plaintiff. *T. S. Felder, attorney-general,* and *J. A. Wilkes, solicitor-general,* contra.

ATKINSON, J. On the 11th day of November, 1911, the comptroller-general issued an execution, in favor of the State of Georgia against the tax-collector of Brooks County and the sureties on his bond, for an amount due for taxes collected for which no settlement had been made. One of the sureties filed a suit to enjoin enforcement of the execution. The judge refused to grant an ad interim injunction, and the plaintiff excepted. One ground relied on for injunction was the invalidity of the execution. It was charged that the execution was void, because the statute in pursuance of which the comptroller-general issued the execution was violative of the due-process clause of the constitution. Under the view we take of the case it is unnecessary to deal with any other question. The statute to which reference is made is to be found in the Civil Code, § 1187, which declares: "If any collector shall fail to settle his accounts with the comptroller-general in terms of the law, he shall issue execution against him and his sureties for the principal amount, with interest at the rate of twenty per cent. per annum on said amount: Provided, that if upon a final settlement it should appear that said collector was entitled to credits at the time he is required by law to settle, the comptroller-general may allow the same, and charge such interest only on the amount for which the collector is in default, together with all the costs and attorney's fees incurred by reason of the issuance of said execution." There is no provision of law for notice to a delinquent tax-collector or surety on his bond, or hearing, before the comptroller-general issues an execution. When such an execution is issued it is final process, and authorizes a levy and sale of the property of the defendant, and no provision is made by which the execution can be converted into mesne process by making an affidavit of illegality or otherwise. That an illegality would not lie to such an execution was expressly ruled in the case of *Webb* v. *Newsom,* 138 *Ga.* 342 (75 S. E. 106). There is no other provision for tax-collectors or the sureties on their bonds to have a hearing before the property is finally sold.

Where an execution issues, and there is no provision of law for the defendant to have a hearing before he is finally deprived of his property, he is not afforded due process of law, and the enforcement of the execution will be enjoined. *Shippen Lumber Co. v. Elliott,* 134 *Ga.* 699 (68 S. E. 509); *Central of Ga. R. v. Wright,* 207 U. S. 127 (28 Sup. Ct. 47, 52 L. ed. 134). After the rendition of the decision in the case last cited, the legislature of this State passed an act (Acts 1910, p. 22) by the fourth section of which it was declared: "Should the taxpayer desire to contest the taxability of said property, under this section, he may do so by petition in equity in the superior court in the county where said property is assessed." This was intended to afford taxpayers an opportunity to be heard on the question of the taxability of their property, where it was attempted to enforce an execution issued by the comptroller-general for taxes, and was evidently enacted to meet the defect in the law pointed out in the decision last mentioned. The scope of the act, however, was not sufficiently broad to comprehend tax-collectors and sureties on their bonds, so as to afford them a hearing where the comptroller-general has issued his fi. fa. against them for the failure of the tax-collector to make returns and pay over money collected from the taxpayers. There is no provision of law for a hearing for the tax-collectors and their sureties, in such cases; and it was erroneous for the judge to refuse to grant the injunction.

*Judgment reversed. All the Justices concur.*