HICKS, sheriff, *et al. v.* STEWART OIL CO. *et al.*

No. 11224.   JULY 17, 1936.

*M. J. Yeomans, attorney-general, E. W. Maynard,* and *D. M. Parker,* for plaintiffs in error.
*Hall & Bloch,* contra.

HUTCHESON, Justice. The State Revenue Commission issued an execution against Stewart Oil Company for alleged occupational taxes due the State on gasoline and kerosene, as provided by the Code, §§ 92-1402, 92-1403, the execution being pursuant to section 80 of the reorganization act (Ga. Laws 1931, pp. 33, 34; Code, § 92-7301), which execution was recorded on the execution docket in the office of the clerk of the superior court of Bibb County, and was levied by the sheriff of said county on the property of petitioner. Stewart Oil Company then brought its petition to the superior court against the sheriff, E. W. Maynard as assistant attorney-general in charge of the prosecution of said execution, the State Revenue Commission, and V. H. Roberts, clerk of the superior court, alleging that it did not owe the tax for which the execution was issued. It prayed that an accounting be had between the State and petitioner, and that it be decreed that petitioner owed no taxes, that the enforcement of the execution be enjoined, and that it be canceled of record. The petition further attacked the execution on the grounds that the revenue commission had no authority under the law to issue it; that it is void on its face; that section 80 of the reorganization act is violative of that provision of the constitution of the State prohibiting the passing of retroactive laws (Code, § 2-302); that it is violative of the due-process clauses of both the State and Federal constitutions; and that it is violative of the State and Federal constitutions in that it denies to petitioner the right of trial by jury. Defendants demurred to the petition, on the grounds that the superior court of Bibb County had no jurisdiction, for the reason that no substantial relief was prayed against the defendants who were residents of that county; that no cause of action was set forth; that petitioner had an adequate remedy at law; and others which it is not necessary here to consider. The judge overruled the demurrer, and the defendants excepted.

■ ■ Headnotes 1 and 2 are sufficient within themselves.

■ Section 80 of the reorganization act, supra, provides for the issuing of an execution by the revenue commission "in the case of any tax due the State or any tax assessed by the State Revenue Commission, whether so specifically provided in the law levying the tax or not;" and that "whenever any such writ of execution has issued, the taxpayer, in order to determine whether

the tax is legally due, may tender to the levying officer his affidavit of illegality thereto; and upon the payment of the tax if required as a condition precedent by the law levying the tax, and upon his giving a good and solvent bond for the eventual condemnation-money in cases where the said law does not require the payment of the tax as a condition precedent, the levying officer shall return the same to the superior court of the county of the taxpayer's residence, except in case the law provides otherwise, and the same shall be summarily heard and determined by the court." Petitioner contends that it has no adequate remedy at law, because this section denies it due process of law and the right of trial by jury as provided under the State and the Federal constitutions. The second headnote disposes of the first contention. As to the second, as a general rule there is no right under the general constitutional provisions to a jury trial in statutory or summary proceedings for the collection of taxes. 35 C. J. 185, § 79; Murray v. Hoboken Land &c. Co., 18 How. 272 (15 L. ed. 372). This is also the rule in this State. *Harper* v. *Elberton,* 23 *Ga.* 566. See *Gaulden* v. *Wright,* 140 *Ga.* 800 (79 S. E. 1125). "The part of the constitution [of 1798] which says that 'trial by jury as heretofore used in this State shall remain inviolate,' does not apply to the case of a taxpayer who refuses or fails to pay his tax," such a case being "one to which the words of the constitution 'trial by jury as heretofore used in this State shall remain inviolate,' did not apply." *Harper* v. *Elberton,* supra. Discussing the meaning of the present constitutional provision (Code, § 2-4501), which provides that "the right of trial by jury, except where it is otherwise provided in this constitution, shall remain inviolate," in *DeLamar* v. *Dollar,* 128 *Ga.* 57, 59 (57 S. E. 85), this court said, "The constitution of 1798 contains the words: 'as heretofore used in this State,' which do not appear in the other instruments [referring to other constitutions of the State]; but this really would not affect the interpretation to be placed upon the declaration that trial by jury shall remain inviolate, for each declaration would mean that it must be preserved in the future in all cases in which it was allowed under valid laws existing at the time the constitution was adopted." It does not appear that trial by jury was allowed in such cases prior to the adoption of the present constitution of this State. The proceed-

ing in the present case being statutory and summary, and the Federal constitution only providing that "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved," etc., the same reasoning would apply and the Federal constitution does not inhibit the statute in question. See State v. Iron Cliffs Co., 54 Mich. 350 (20 N. W. 493); In re Chow Goo Pooi, 25 Fed. 77; Crowell v. Akin, 152 Ga. 126, 135 (108 S. E. 791).

■ The petitioner contends that the remedy provided under section 80 of the reorganization act, supra, does not give it the right of trial by jury, and that the remedy thereunder is not so adequate and complete as that in equity. All of the questions raised by the petition are purely questions of law, except that as to the question whether petitioner owes the taxes, the petitioner asks an accounting between it and the State. Under these circumstances the petitioner would not be guaranteed a trial by jury in a court of equity. Crowell v. Akin, supra. If the case should be referred to an auditor and the findings of the auditor should be supported by evidence, the judge has authority under the rule in equity cases to make the findings of the auditor the judgment of the court without referring them to a jury, upon exceptions to the auditor's report. Darien Bank v. Clifton, 162 Ga. 625 (134 S. E. 619); North Atlanta Land Co. v. Portness, 138 Ga. 135 (74 S. E. 1000). Therefore we are of the opinion that the remedy provided by section 80 of the reorganization act is adequate, and that the court erred in overruling the demurrer on that ground.

*Judgment reversed. All the Justices concur.*