## 29216. GAINESVILLE-HALL COUNTY ECONOMIC OPPORTUNITY ORGANIZATION, INC. v. BLACKMON.

GUNTER, Justice.

This is an appeal from a summary judgment granted in the trial court in favor of the Revenue Commissioner in a sales tax case. The commissioner assessed a deficiency plus penalty and interest against the taxpayer, the taxpayer appealed the assessment to superior court pursuant to Code Ann. § 92-8446, both sides moved for summary judgment, and the commissioner's motion was granted and the taxpayer's motion was denied. The issues for decision are: (a) the constitutionality of the tax collection procedures, (b) the applicability of an exemption to the appellant-taxpayer, and (c) the existence of a material question of fact in this case.

I.

We first deal with the issue of whether the tax collection procedures amount to a denial of due process of law in that a hearing is not provided for the taxpayer prior to his either having to post a bond or pay the tax. The trial judge ruled that the tax collection procedures provided by statute do not violate procedural due process, and we affirm that ruling.

Code Ann. § 92-3402a provides that the commissioner is empowered, when any sales tax becomes delinquent, to issue an execution for collection of the tax. There are then four statutory methods available to the taxpayer in contesting the assessment and execution. The taxpayer may: (1) appeal the assessment directly to the superior court, as was done in this case, under §§ 92-3434a and 92-8446. Before the superior court may take jurisdiction of the appeal, the taxpayer must file a bond or other security to cover all contested taxes unless he

owns real property in Georgia of a value in excess of the amount in dispute. The proceeding in superior court is a de novo investigation; (2) pay the tax and make the claim for refund under §§ 92-3434a and 92-8436; (3) file an affidavit of illegality to the levy of the execution and have the case heard in superior court under Code § 92-7301. Again, the taxpayer must post a bond; (4) pursue an administrative hearing under the Administrative Procedure Act. A taxpayer who chooses this remedy gives up his other remedies (§ 3A-113 (d)); must accept an administrative determination of the facts (§§ 3A-120 (g) and (h)), and is subject to the discretion of the commissioner and/or reviewing court as to whether collection procedures will be stayed (§§ 3A-113 (c), 3A-120 (d)).

The taxpayer's argument is that, under these four procedures there is no way for a taxpayer to get a fair hearing on his liability before he has to give up his property by paying the tax or by posting a bond. In *Hicks v. Stewart Oil Co.,* 182 Ga. 654 (186 SE 802) (1936), the State Revenue Commission issued an execution against the taxpayer, and the taxpayer challenged it on due process grounds, among others. This court held that there was no denial of due process because of the availability of the affidavit of illegality procedure, even though under that procedure the taxpayer had to pay the tax or post bond prior to getting a hearing.

We think the rulings by the federal courts are consistent with *Hicks.* In Phillips v. Commissioner, 283 U. S. 589 (51 SC 608, 75 LE 1289) (1931), a stockholder was assessed for a federal tax deficiency after a corporation dissolved leaving federal taxes due. The taxpayer challenged the assessment on the ground that it was made without a prior hearing. The Supreme Court of the United States rejected this challenge on the ground that the taxpayer had available either of two methods of securing review of the assessment. The court stated (p. 595): "The right of the United States to collect its internal revenue by summary administrative proceedings has long been settled. Where, as here, adequate opportunity is afforded for a later judicial determination of the legal rights, summary proceedings to secure prompt per-

formance of pecuniary obligations to the government have been consistently sustained. Compare Cheatham v. United States, 92 U. S. 85, 88-89; Springer v. United States, 102 U. S. 586, 594; Hagar v. Reclamation District No. 108, 111 U. S. 701, 708-709. Property rights must yield provisionally to governmental need."

In Fuentes v. Shevin, 407 U. S. 67 (92 SC 1983, 32 LE2d 556) (1972), the Supreme Court of the United States acknowledged (pp. 90-92) that there "are 'extraordinary situations' that justify postponing notice and opportunity for a hearing." In giving examples, the court, citing Phillips, stated: "Thus, the court has allowed summary seizure of property to collect the internal revenue of the United States." The lower federal courts have continued, since Fuentes, to apply Phillips in upholding federal tax collection procedures even where the commissioner makes jeopardy assessments and seizes the taxpayers' property prior to any hearing. See Parrish v. Daly, 350 FSupp. 735 (S. D. Ind. 1972); Laing v. United States, 364 FSupp. 469 (D. Ver. 1973), aff'd, 496 F2d 853 (2d Cir., 1974); Commonwealth Development Assn. of Pa. v. United States, 365 FSupp. 792 (N. D. Pa. 1973); Muncaster v. Baptist, 367 FSupp. 1120 (N. D. Ala. 1973); Lewis v. Sandler, 498 F2d 395 (4th Cir., 1974).

We therefore hold that Georgia's procedures, specified above, satisfy procedural due process requirements.

## II.

The appellant-taxpayer in this case is a private eleemosynary corporation, funded from public and private sources, which conducts several community action programs designed to help individuals combat poverty. The major programs are neighborhood youth corps, training for the mentally retarded, training for senior citizens, day care and pre-school training for children six months to six years of age, and general adult education. Although there is some overlap, the age groups and subject matters covered by these programs are generally different from those covered by the public school system.

Code § 92-3403a (C) (2), (m) and (u) provide for certain exemptions to private elementary and secondary schools.

The taxpayer argues that it is a "private elementary and secondary school" within the meaning of these provisions for exemption. It will have to be sufficient here to merely say that this taxpayer does not fit the definition contained in these statutory provisions allowing exemption.

### III.

Code § 92-3402a(e) provides in part: "Whenever a purchaser of tangible personal property under subsection (a) . . . does not pay the tax imposed hereunder upon him to the retailer . . . involved in the taxable transaction, such purchaser . . . shall thereupon himself be a dealer as defined hereunder, and the State Revenue Commissioner, whenever he has reason to believe that a purchaser . . . has not so paid such tax shall have authority to assess and collect the tax imposed thereunder directly against and from such purchaser . . . unless such purchaser . . . can show that the retailer . . . involved in the transaction has nevertheless remitted to the State Revenue Commissioner the tax imposed on the transaction."

Appellant-taxpayer argues that this language provides the retail purchaser with either of two defenses to the assessment. The purchaser may prove that he has paid the tax to the retailer; or, even if he has not thus paid the tax, he may prove that the retailer remitted the tax to the commissioner anyway, because the commissioner is not entitled to collect the tax twice. The commissioner argues that this language does not provide substantive defenses, but prescribes a tax collection procedure under which the commissioner, unless he has already collected from the retail seller, is entitled to collect from the purchaser simply by showing that he has "reason to believe that a purchaser . . . has not so paid the tax." The commissioner states in his supplemental brief in this court: "The significance of the parties' varying constructions of the provisions is clear. Under the taxpayer's interpretation the factual question to be resolved is whether the purchaser (taxpayer) actually paid the sales tax to the sellers. Under the commissioner's interpretation the factual question is whether the commissioner had 'reason to believe' that

the taxpayer did not pay sales tax to its sellers." Under the commissioner's interpretation, if he can show "reason to believe," the taxpayer must pay the tax and is left to litigate liability for the tax with the sellers.

We reject the commissioner's contention. We hold that under the statutory provision quoted above a purchaser who has paid the sales tax on the transaction to the seller is not "a dealer" on whom liability for the tax can be directly imposed by the commissioner. Such a purchaser who has paid the sales tax to the seller has the right to prove such payment at a hearing in which he is contesting the assessment against him. And whether he did or did not pay the tax on the transaction is a question of fact. Likewise, at such a hearing the purchaser has a right to show that the seller remitted the tax on the transaction to the state, and this is also a question of fact.

We have reviewed the summary judgment evidence in this case, and we conclude that neither party was entitled to a summary judgment. A fact issue remains for determination, and that fact issue is whether the taxpayer paid the sales tax on each transaction to the seller. If the evidence shows that the taxpayer paid the sales tax on each transaction to the seller, the taxpayer is not liable for the sales tax due the state. If the evidence shows that the taxpayer did not pay the sales tax on each transaction to the seller, the taxpayer is liable to the state for the sales tax due and assessed on each transaction. The case must therefore be remanded to the trial court for determination of this factual issue.

The granting of the commissioner's motion for summary judgment was erroneous, and the denial of the taxpayer's motion for summary judgment was correct.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., who dissents. Hill, J., disqualified.*

ARGUED OCTOBER 15, 1974 — DECIDED JANUARY 28, 1975.

*Schuder & Brown, R. F. Schuder, Edward L. Hartness,* for appellant.

*Arthur K. Bolton, Attorney General, Timothy J.*

*Sweeney, David A. Runnion, Gary B. Andrews, Assistant Attorneys General,* for appellee.

UNDERCOFLER, Presiding Justice, dissenting.

I respectfully dissent to Division III. In my opinion, Code Ann. § 92-3402a (e) permits the Revenue Commissioner to collect sales tax from the purchaser where the seller disputes he received the tax and the commissioner has "reason to believe" the purchaser has not paid the tax. This leaves the purchaser and seller to resolve the controversy between them as to whether the purchaser paid the tax to the seller. The fact that the purchaser becomes a dealer when he fails to pay the tax does not affect his liability but merely imposes certain duties necessary for the effective administration of the Sales Tax Act.