**Office of the Attorney General**
**State of Texas**



**DAN MORALES**
ATTORNEY GENERAL

Setptember 16, 1991

Honorable Eddie Cavazos
Chairman
House Committee on Insurance
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78769

Opinion No. DM-42

Re: Validity of statute releasing real estate brokers in certain geographic areas from continuing education requirements (RQ-112)

Dear Representative Cavazos:

You ask about the validity of a 1991 amendment to section 7A of the Real Estate License Act, article 6573a, V.T.C.S. Acts 1991, 72d Leg., ch. 553, § 1.041, at 1910. Subsection (a) of section 7A provides for continuing education requirements for the renewal of real estate brokers' and real estate salesmens' licenses. The amendment in question added a new subsection (e) directing the Real Estate Commission, on or before September 25, 1991, to identify each real estate broker licensed under the act for ten years or more, and having on June 1, 1991, his principal place of business in a county with a 1980 census population of 225,000 or less, and to notify him that he may opt out of the continuing education requirements of the act in the manner provided for in subsection (f). New subsection (f) permits a real estate broker so identified and notified to opt out of the continuing education requirements for renewing his license if, after October 1, 1991, and on or before October 31, 1991, the broker notifies the commission in writing that he is opting out and pays a fee to cover administrative costs in an amount to be determined by the commission but not to exceed $100.

You ask specifically 1) whether such an exemption from a professional licensing requirement based on geographic locale is permissible, and 2) whether it is "legal to deny certain consumers the same protection accorded other consumers based on geographical location." We understand your questions to be whether the geographical classifications of the exemption in question are valid under the equal protection provisions of the federal and state constitutions and under the state constitution's prohibitions regarding local and special laws. *See* U.S. Const. amend. XIV; Tex. Const. art. I, § 3, art. III, § 56. We limit our consideration here to those specific constitutional issues.

Federal equal protection challenges to statutory classifications made in regulating occupational pursuits are ordinarily reviewed under the so-called "rational basis" test. *Pollard v. Cockrell*, 578 F.2d 1002, 1012-13 (5th Cir. 1978).

> The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest.

*City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 440 (1985).

In contrast to the "strict scrutiny" applied to statutory classifications burdening "suspect classifications" or "fundamental rights," judicial review under the rational basis test has, as a rule, upheld statutory classifications. The plurality opinion of the United States Supreme Court in *Clements v. Fashing*, 457 U.S. 957 (1982) stated that unless a state statute burdens a "suspect classification" or a "fundamental right," classifications made by the statute "are set aside only if they are based solely on reasons totally unrelated to the pursuit of the State's goals and only if no grounds can be conceived to justify them." 457 U.S. at 963; *see also* L. TRIBE, AMERICAN CONSTITUTIONAL LAW § 16-3 (1978) ("The Conceivable Basis Test").

It is not apparent that a "suspect classification" or "fundamental right" is burdened by the geographical classifications made by the continuing education exemption here. *See, e.g., Korematsu v. United States*, 323 U.S. 214 (1944) (race, ancestry as "suspect" criteria); *Shapiro v. Thompson*, 394 U.S. 618 (1969) (right to interstate travel as "fundamental"). Although the numerous letters and briefs we have received in connection with your request have raised substantial concerns as to the "rational basis" for the statutory classifications in question,[1] in view of the rather minimal level of scrutiny it appears a court would apply under federal equal protection standards we cannot say that the geographical classifications in the new continuing education exemption on their face run afoul of the federal equal protection clause. We think that resolution of this constitutional issue would require findings of fact, which we would be unable to make in an attorney general

---

[1] It is asserted, *inter alia*, that the brokers eligible for the exemption -- those in more rural areas who have been licensed ten years or more -- are the very ones in need of continuing education, and, as there is no problem making continuing education courses available in rural areas, that there is no conceivable rational basis for the exemption. It is also argued that regardless of where a broker actually conducts most of his business, he may designate as his "principal place of business" any address where he maintains a "fixed office." *See* V.T.C.S. art. 6573a, § 12(a); *see also* footnote 2, *infra*.

opinion. *See, e.g.*, Attorney General Opinion JM-1267 (1990). Only a court with its powers to take evidence on the relevant aspects of the real estate industry in Texas, and the reasonableness in that context of the exemptions in question, could make such a determination.

Texas' constitutional counterpart of the federal equal protection clause, found in article III, section 1, provides that "[a]ll free men, when they form a social compact, have equal rights." Modern Texas courts have generally held that no greater protection is afforded thereby than under the federal provision. *See Texas Optometry Bd. v. Lee Vision Center, Inc.*, 515 S.W.2d 380 (Tex. Civ. App.--Eastland 1974, writ ref'd n.r.e.); Attorney General Opinion JM-455 (1986) (and authorities cited therein).

We do find several earlier Texas cases which announce that statutory occupational regulations that classify solely on the basis of locale contravene article III, section 1. *See Ex parte Dreibelbis*, 109 S.W.2d 476 (Tex. Crim. App. 1937) (municipal ordinance imposing license "fee" only on merchants engaged in business less than a year); *Ex parte Baker*, 78 S.W.2d 610 (Tex. Crim. App. 1934) and *Linen Serv. Corp. v. City of Abilene*, 169 S.W.2d 497 (Tex. Civ. App.--Eastland 1943, writ ref'd) (municipal ordinances requiring license fee for businesses located outside municipality but doing business in municipality); *Jackson v. State*, 117 S.W. 818 (Tex. Crim. App. 1908) (statute exempting barbers in, *inter alia*, towns of 1,000 population or less from license tax). We note first that these earlier opinions either included other grounds for their holdings or were directed to situations significantly different from the one here. (*Jackson* also struck down any license tax on barbers as violative of article VIII, section 1; the other cases cited involved exclusionary municipal ordinances.) More importantly, we believe a modern court would apply a different equal protection analysis, patterned on the contemporary federal approach, from that applied in these older cases. But again, and most significantly, while the above-mentioned opinions emanated from court proceedings in which evidence could be taken and findings of facts made as to the reasonableness of the provisions under attack, we cannot so take evidence or find facts in an attorney general opinion. Only a court could determine the validity, *vis a vis* article I, section 3, of the geographical classifications in question here.

Similarly, the resolution of whether the geographical classifications are viable under the prohibition on "local or special laws" in article III, section 56, of the state constitution would require findings of fact on such matters as the numbers of brokers having their designated principal places of business in locales falling within

and without the population bracket created for purposes of the exemption and the problems experienced with brokers' competence in such locales.[2] Such findings could only be made by a court. *See, e.g., Ex parte Spring*, 586 S.W.2d 482 (Tex. Crim. App. 1978).

## S U M M A R Y

Whether the use of geographical classifications in the exemption for certain real estate brokers in section 7A, subsections (e) and (f) of the Real Estate License Act, from the continuing education requirements for license renewal violates federal or state constitutional equal protection requirements or the state constitutional prohibition on local or special laws involves questions of fact that cannot be resolved in an attorney general opinion.

Very truly yours,

DAN MORALES
Attorney General of Texas

---

[2]Of the 254 Texas counties 245 have 1980 census populations of 225,000 or less and thus fall within the population bracket established for purposes of the exemption.

**WILL PRYOR**
First Assistant Attorney General

**MARY KELLER**
Executive Assistant Attorney General

**JUDGE ZOLLIE STEAKLEY (Ret.)**
Special Assistant Attorney General

**RENEA HICKS**
Special Assistant Attorney General

**MADELEINE B. JOHNSON**
Chair, Opinion Committee

**Prepared by William Walker**
Assistant Attorney General