No. 11,121.

CITY OF NEW ORLEANS VS. C. W. POHLMANN.

When a mechanic goes outside of his occupation and employs others in a different pursuit, such as brickmasons, painters and slaters, in the erection of buildings, his business is that of contractor and he is not exempted under Article 206 of Constitution from paying license tax.

APPEAL from the First City Court.
    *Childress, J.*

*G. W. Flynn*, Assistant City Attorney, and *E. A. 'O'Sullivan*, City Attorney, for Plaintiff and Appellee.

*W. B. Sommerville* for Defendant and Appellant.

The opinion of the court was delivered by

McENERY, J.   The city of New Orleans sued the defendant, C. W. Pohlmann, to recover a license tax for the year 1892 for carrying on the business of building contractor.

There was judgment against the defendant, from which he appealed.

His defence is that he is a carpenter, and as such claims exemption under Article 206 of the Constitution.

In several cases we have had occasion to review the provisions of said article and have given to it a liberal construction in behalf of those whom it was intended to relieve from the burden of a license tax.

The article intended to promote and foster mechanical, agricultural, horticultural and mining pursuits and manufactures.   But it did not intend to go beyond this and relieve those who were in fact mechanics, agriculturists, etc., and who joined to their occupation other and different pursuits, making with the occupation a different and distinct business.

So long as one confines himself to his particular occupation, although he may in its pursuit be compelled to employ others to assist him, he is exempt from the license tax.   But when he goes beyond this and employs others in different mechanical pursuits, to complete a house, for instance, he no longer pursues his individual calling, but becomes a contractor, and is therefore liable to pay the license tax.   The fact that he works at his trade on the building he is erecting can not alter the fact that he is a contractor employed to erect the entire building, including painting, slate and brick work, and plumbing.

In the case of City of New Orleans vs. Bayley, 35 An. 545, we held that a mechanic who employs assistance is exempt from a license tax upon his trade. But in that case he worked exclusively at his business of *plasterer* and employed other *plasterers* to assist him. He worked " at his trade with his own hands,"

He was not a contractor employed to erect the building, employing others of different occupations to do work outside of his line of business.

In the case of City vs. Lagan & Sons, the defendants were exempted from paying the license tax. They were carpenters, and employed carpenters to erect the house which they had contracted to build.

As stated in the opinion, " they employed the carpenters who worked with them and under their direction in constructing houses."

They pursued their individual calling, performing manual labor on the buildings from the first piece of timber, in framing, and finishing to the completion of the house.

In the instant case the defendant says that "he is a carpenter, takes contracts for erecting buildings, and has done so during the year 1892. In the course of construction he contracts for the slating, the brick work and the painting. He employs other carpenters. He superintends the houses he contracts to build. He follows the carpenter's trade on the buildings he contracts to build, performs manual labor thereon from the ' first piece of timber in framing to the very completion of the house.' He ' puts on his working clothes and works both level, saw, plumb line, hammer, etc.'

" When he has several buildings under contract he works on one at a time. He is a member of the firm of Bruns & Pohlmann, and had contracts during the year for the building of a row of houses on Prytania street for the sum of $30,000; while working on one of the buildings he gave the necessary instructions for the construction of the others. He could not work on all the houses at one time, but managed to do so whenever he got the opportunity, and in this way worked on all the houses." These facts brings this case within the rulings of Tax Collector vs. Conner, 42 An. 787, and City vs. O'Neil et als., 43 An. 1182. In the first case defendant was a brickmason, but had not followed the manual duties of that occupation for many years, except occasionally to lay brick in order to exhibit his skill, or to direct others.

Hollingsworth et al. vs. Tax Collector.

He took contracts for the erection of brick buildings, and superintended the mechanical labor of laying bricks by his employés.

In the second case of City vs. O'Neil et als. the defendants were carpenters. "They contracted for building houses and other structures. They employed other carpenters; they laid off the work; and used the square, the spirit level and the straight edge, and as the building progressed in the construction they used the plumb line. They superintended."

At one time the defendants would have several buildings under construction.

From the facts in the case it would have made no difference had the defendants also worked manually on the buildings. This fact would not have changed their occupation of master builder or contractor to manual workers alone.

The testimony does not show that defendant worked exclusively at his trade as carpenter, and employed other carpenters to assist him in his work of erecting a house. But it does show that he contracted for the erection of buildings, including painting, brick work and slating. In fact he goes beyond his own occupation and employs mechanics of a different pursuit in erecting the buildings he has under contract. His own statement shows that he is in fact a contractor, and brings his case in line with those last cited.

Judgment affirmed.