The opinion of the court was delivered by
Miller, J.
The State proceeding by rule seeks to recover from defendant a license tax for conducting the business of a barber. *1444 The defence is that the State Constitution exempts mechanical pursuits from license taxes, and that defendant, a mechanic, is within the exemption.
That the occupation of a barber is mechanical admits of no dispute. His labor is manual, using with his hands the instruments required for his employment. He comes within the definition of a mechanic and his pursuit has been recognized as mechanical by the decisions of this court. State vs. Deilenschneider, 44 An. 1116.
The exemption claimed is denied by the State, because he employs other barbers to assist in serving his customers. We do not perceive that availing himself of the assistance of other barbers takes him out of the exemption. He is still a barber, although working with others. He and they are alike exempt from license taxes.
The State relies on the twelfth section of the license Act No. 150 of 1890. That undertakes to tax mechanics who employ assistance. Thus while the Constitution exempts all engaged in mechanical pursuits, the statute proposes to tax mechanics who employ assistance. This is manifestly contrary to the Constitution and has been so held by this court. City vs. Bailey, 35 An. 545; City vs. Lagman, 43 An. 1180. We are also referred by the State to the decisions that master builders are not mechanics, although they sometimes themselves do mechanical work. The decisions simply hold that the main occupation of the master builder, liable to a license tax, is not changed to that of a mechanic, exempt from such tax, merely because the master builder occasionally does the mechanic’s work. Tax Collector vs. Conner, 42 An. 787; State vs. McNally, 45 An. 46. These decisions afford no aid to the State in this case.
The decision of the lower court was for the defendant and is affirmed with costs.