# QUONG WING v. KIRKENDALL, TREASURER OF LEWIS AND CLARK COUNTY, MONTANA.

ERROR TO THE SUPREME COURT OF THE STATE OF MONTANA.

No. 119. Argued December 18, 1911.—Decided January 22, 1912.

A State does not deny equal protection of the laws by adjusting its revenue laws to favor certain industries.

A State, like the United States, although with more restrictions and to a less degree, may carry out a policy even if the courts may disagree as to the wisdom thereof.

In carrying out its policy, a State may make discriminations so long as they are not unreasonable or purely arbitrary.

On the record as presented in this case, and without prejudice to determining the question, if raised in a different way, the statute of

Montana imposing a license fee on hand laundries does not appear to be an unconstitutional denial of equal protection of the laws because it does not apply to steam laundries and because it exempts from its operation laundries not employing more than two women.

The Fourteenth Amendment does not interfere with state legislation by creating a fictitious equality where there is a real difference.

*Quære:* Whether this statute is aimed directly at the Chinese, in which case it might be a discrimination denying equal protection.

When counsel do not bring the facts before it, the court is not bound to make inquiries.

Courts sometimes enforce laws which would be declared invalid if attacked in a different manner.

39 Montana, 64, affirmed.

THE facts, which involve the constitutionality of a laundry license act of Montana, are stated in the opinion.

*Mr. Charles E. Pew,* with whom *Mr. M. S. Gunn* and *Mr. Ira T. Wight* were on the brief, for plaintiff in error:

The sole question presented is whether § 2776 of the Revised Codes of Montana provides a proper classification for taxing purposes.

Section 2776 is a revenue measure simply, and is not an exercise of the police power. This is alleged in the complaint, and was conceded by the Montana Supreme Court. There is therefore no question of the reasonableness of a police regulation, but the only question to be decided is whether the taxation of hand laundries operated by males and the exemption of other laundries is a just, reasonable and proper classification for taxation purposes.

Classification for any purpose must be based upon some real and reasonable difference in the property or business placed in one class from the property or business which is exempted from burdens imposed upon such class; otherwise such classification is repugnant to the equal protection clause of the Federal Constitution. *Yick Wo* v. *Hopkins,* 118 U. S. 356; *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540; *Gulf Ry. Co.* v. *Ellis,* 165 U. S. 155.

If such arbitrary selection as that attempted by this statute can be justified, there is no limit to which such selection might go. The same principle might be extended to the point where the entire burden of taxation might be placed upon one portion of a class. A license fee for police regulation is limited to the necessities of the regulation; but if a revenue measure of this kind can be justified as to a tax of $10.00, it can be justified to the point of confiscation.

Federal District Judge Knowles in the District of Montana held void the statute of Montana which at that time required hand laundries to pay $25.00 per quarter while steam laundries were required to pay only $10.00 per quarter. *In re Yot Sang*, 75 Fed. Rep. 983.

If it is the business which is being taxed, the instrumentalities used in that business make no difference, except that the tax might be graded according to the amount of business done, while if the tax is upon the instrumentalities, that would be another matter. In this case it is the laundry business which is the basis of the tax.

Nor is there any reason for exempting women in the manner in which it is attempted under this statute. A woman in business is, from a taxation standpoint, subject to the same burdens as a man in the same business.

*Muller* v. *Oregon*, 208 U. S. 412, is not an authority for the decision of the Montana court; the law under consideration here being a revenue measure, not a police measure. The statute involved in the *Muller Case* limited the hours of labor of females in laundries and similar places, and was purely a health regulation; and this court upheld it upon the ground that it was a reasonable exercise of the power of the State to protect the health of its citizens.

*Mr. W. H. Poorman*, with whom *Mr. Albert J. Galen*, Attorney General of Montana, was on the brief, for defendant in error.

Mr. Justice Holmes delivered the opinion of the court.

This is an action to recover ten dollars paid under duress and protest for a license to do hand laundry work. The plaintiff got judgment in the court of first instance, but this judgment was reversed by the Supreme Court of the State. 39 Montana, 64. The law under which the fee was exacted imposed the payment upon all persons engaged in laundry business other than the steam laundry business, with a proviso that it should not apply to women so engaged where not more than two women were employed. 1 Rev. Codes, § 2776. The only question is whether this is an unconstitutional discrimination depriving the plaintiff of the equal protection of the laws. U. S. Const., Am. XIV.

The case was argued upon the discrimination between the instrumentalities employed in the same business and that between men and women. One like the former was held bad in *In re Yot Sang*, 75 Fed. Rep. 983, and while the latter was spoken of by the Supreme Court of the State as an exemption of one or two women, it is to be observed that in 1900 the census showed more women than men engaged in hand laundry work in that State. Nevertheless we agree with the Supreme Court of the State so far as these grounds are concerned. A State does not deny the equal protection of the laws merely by adjusting its revenue laws and taxing system in such a way as to favor certain industries or forms of industry. Like the United States, although with more restriction and in less degree, a State may carry out a policy, even a policy with which we might disagree. *McLean* v. *Arkansas*, 211 U. S. 539, 547. *Armour Packing Co.* v. *Lacy*, 200 U. S. 226, 235. *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540, 562. It may make discriminations, if founded on distinctions that we cannot pronounce unreasonable and purely arbitrary, as was illustrated in *American Sugar Re-*

fining Co. v. Louisiana, 179 U. S. 89, 92, 95; Williams v.
Fears, 179 U. S. 270, 276; W. W. Cargill Co. v. Minnesota,
180 U. S. 452, 469. It may favor or discourage the liquor
traffic, or trusts. The criminal law is a whole body of
policy on which States may and do differ. If the State
sees fit to encourage steam laundries and discourage hand
laundries that is its own affair. And if again it finds a
ground of distinction in sex, that is not without precedent.
It has been recognized with regard to hours of work.
Muller v. Oregon, 208 U. S. 412. It is recognized in the
respective rights of husband and wife in land during life,
in the inheritance after the death of the spouse. Often
it is expressed in the time fixed for coming of age. If
Montana deems it advisable to put a lighter burden upon
women than upon men with regard to an employment
that our people commonly regard as more appropriate for
the former, the Fourteenth Amendment does not inter-
fere by creating a fictitious equality where there is a real
difference. The particular points at which that difference
shall be emphasized by legislation are largely in the power
of the State.

Another difficulty suggested by the statute is that it is
impossible not to ask whether it is not aimed at the
Chinese; which would be a discrimination that the Con-
stitution does not allow. Yick Wo v. Hopkins, 118 U. S.
356. It is a matter of common observation that hand
laundry work is a widespread occupation of Chinamen in
this country while on the other hand it is so rare to see
men of our race engaged in it that many of us would be
unable to say that they ever had observed a case. But
this ground of objection was not urged and rather was
disclaimed when it was mentioned from the Bench at the
argument. It may or may not be that if the facts were
called to our attention in a proper way the objection
would prove to be real. But even if when called to our
attention the facts should be taken notice of judicially,

whether because they are only the premise for a general proposition of law, *Prentis* v. *Atlantic Coast Line Co.*, 211 U. S. 210, 227, *South Ottawa* v. *Perkins*, 94 U. S. 260, *Telfair* v. *Stead*, 2 Cranch, 407, 418, or for any other reason, still there are many things that courts would notice if brought before them that beforehand they do not know. It rests with counsel to take the proper steps, and if they deliberately omit them, we do not feel called upon to institute inquiries on our own account. Laws frequently are enforced which the court recognizes as possibly or probably invalid if attacked by a different interest or in a different way. Therefore without prejudice to the question that we have suggested, when it shall be raised, we must conclude that so far as the present case is concerned the judgment must be affirmed.

*Judgment affirmed.*

MR. JUSTICE HUGHES concurs in the result.

MR. JUSTICE LAMAR dissenting.

I dissent from the conclusions reached in the first branch of the opinion, because, in my judgment, the statute which is not a police but a revenue measure makes an arbitrary discrimination. It taxes some and exempts others engaged in identically the same business. It does not graduate the license so that those doing a large volume of business pay more than those doing less. On the contrary, it exempts the large business and taxes the small. It exempts the business that is so large as to require the use of steam, and taxes that which is so small that it can be run by hand. Among these small operators there is a further discrimination, based on sex. It would be just as competent to tax the property of men and exempt that of women. The individual characteristics of the owner do not furnish a basis on which to make a classification for

purposes of taxation. It is the property or the business which is to be taxed, regardless of the qualities of the owner. A discrimination founded on the personal attributes of those engaged in the same occupation and not on the value or the amount of the business is arbitrary. "A classification must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed." *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 560.