LAND, J.
 

 The state tax collector for the city of New Orleans has brought the present suit to collect from defendant the sum of $225, as license taxes for the years 1930 and 1931, together with 2 per cent, per month interest on $110 from March 1, 1930, and on $115 from March 1, 1931, and 10 per cent, attorney’s fees on both principal and interest.
 

 The state alleges that defendant, Jacob Joseph, is the proprietor of the Chicago Hat Works, and is engaged in the business of cleaning and pressing hats at 715 Poydras street in- the city of New Orleans, without having paid a sufficient license tax for .the year 1930, and none for the year 1931, defendant having paid only $15 for 1930.
 

 The state further alleges that the gross receipts from the operation of defendant’s business for the year 1929 were more than $16,-000, and less than $20,000, and for the year 1930.were more than $12,000 and less than $16,000, and that the license taxes sued for are due, under section 25 of Act 205 of 1924 ■ — the omnibus clause of this act — as amended by Act 241 of 1928, § 3.
 

 For answer to the state’s rule in this case, defendant admits that he is engaged in the work of cleaning, blocking, and repairing hats, and alleges that he does this work with his hands, and with the aid of machinery, tools, and implements, and was so engaged in the year 1929, and continuously thereafter up to the present time. But defendant avers that, in doing this work, he is engaged in a mechanical pursuit and is exempt from the license tax sought to be collected by the state, under section 8 of article 10 of the Constitu- • tion of 1921.
 

 Judgment was rendered in the lower court for the state as prayed for, with recognition of a first mortgage lien and privilege in favor of the state upon the property, movable and'immovable, of the defendant, as security for the license taxes sued for; and defendant was enjoined from the further pursuit of his business of cleaning and pressing hats un-, til satisfaction of the judgment rendered against him.
 

 ‘ From this judgment defendant has appealed.
 

 1. The uncontradicted testimony in the case shows that defendant works daily in his cleaning establishment, and uses his hands and machinery in the leaning and blocking of hats; that he has two men at the bench working with him, and a girl to help sew the bands on the hats; and that, if he is busy, he gets extra help.
 

 
 *817
 
 The maimer in which the work is done is described by defendant as follows: “When the hat comes in at my place we take the band off the hat, and the inside band, and then we clean that bat — p<ut it in a machine and we clean it. And we dry the hat, and after the hat is dried, the hat is put on a block and it is steamed, have a big boiler where we steam the hat, and pull the hat down on the block very tight, put a rope around the block, and it is steamed, and afterwards we have a machine, an ironing machine, which works by electricity. We put it on and the machine irons the hat. Afterwards we powder the hat whatever color the hat is, and put water on top of the powder and it is ironed again, and it is pounced with very fine sandpaper. Then the same thing is done — that is only done to the crown of the hat — and the same thing is done to the brim. Thgn it is— the hat goes to the trimmer, to put the band on again, put the sweat band inside the hat again, and lining, if necessary. And we have an electric sandbag — first, it is ironed by hand with a gas iron, iron the hat, and then it is put with a heavy bag of sand heated by electricity, and after this when the hat is all pressed and ironed well, it is finished up again in a nice, smooth way, and the hat is completed.”
 

 Defendant claims exemption from the payment of a license tax under section 8 of article 10 of the Constitution of 1921, the pertinent provisions of which are as follows: “License taxes may be levied on such classes of persons, associations of persons and corporations pursuing any trade, business, occupation, vocation or profession, as the Legislature may deem proper, except * * * those engaged
 
 in mechanical
 
 * * *
 
 pursuits"
 

 In Theobalds v. Conner, 42 La. Ann. 789, 7 So. 689, 690, the court said: “A ‘mechanic,’ according to Worcester, is one employed in mechanical or manual labor; and ‘mechanical’ is defined to be' ‘employment in manual labor.’ Taking the phrase ‘engaged in mechanical pursuits’ according to these definitions, and it is clear that the framers of the constitutional article intended to relieve from license those persons
 
 who are engaged, from day to day,
 
 in the performance of manual labor in mechanical or agricultural pursuits.” (Italics ours.)
 

 In City v. Robira, 42 La, Ann. 1099, 8 So. 402, 403,11 L. R. A. 141, it is said: “The purpose in view seems clearly.to have been to exonerate those who, in pursuits known to be mechanical, would exert more manual than intellectual labor; so that the occupation was to be one for the practice of which the efforts of the body, aided by some mechanical instrument, would be mainly called into activity,, to be controlled by an ordinary intelligence only.”
 

 According to the facts of this case, and the definitions above given, defendant is obviously engaged in a mechanical pursuit, and is clearly exempt from the payment of the license taxes for which he is sued by the state in the present case.
 

 2. The mere fact that defendant employs one or more assistants does not affect his right to the exemption.
 

 In the case of City v. Bayley, 35 La. Ann. 545, the court said: “A ‘mechanic
 
 who employs assistance’
 
 is exempt from a license tax upon his trade, under the clause of the Con
 
 *819
 
 stitution excepting those engaged in mechanical pursuits from the enumeration of occupations liable to such tax. * * *
 

 “The defendant is a plasterer, works at his trade
 
 with his own hands,
 
 and when executing a larger contract than he can conveniently do himself,
 
 employs other plasterers to assist him.
 

 “Manifestly he is engaged in a mechanical pursuit.” (Italics ours.)
 

 Again in City of New Orleans v. Lagman, 43 La. Ann. 1180, 10 So. 244, it was held that: “A mechanic who contracts and shapes materials with his own hands is engaged in a mechanical pursuit.
 

 “He will be exempt,
 
 although he employs other mechanics, who work with him,
 
 and, like him, follow a mechanical pursuit. * * *
 

 “The record discloses that the defendants are
 
 carpenters.
 
 They build houses and other structures. Their labor was manual and in its performance they used the spirit-level, the squares, the saw, hammer, and other carpenter’s tools. They manipulated and gave shape to the material in building.
 

 “The witness Lagman testifies: T contracted for buildings in 1888 and 1889. It was pretty near all days’ work. I followed the carpenter’s trade all along. I performed manual labor on the buildings myself, from the first piece of timber, in framing, in finishing, to the very completion of the house.’ * * *
 

 “The attempt to hold the defendants responsible for the payment of a license as master builders must fail.
 

 “The undisputed evidence before us establishes
 
 that they were engaged as carpenters,
 
 and, as the house was constructed, ‘continued to use the tools and appliances of that mechanical pursuit.’
 

 “The fact that others^ assisted
 
 cannot exclude them from the exemption.
 

 “As in the Bayley Case,
 
 they worked at their trade mth their own hands,
 
 and were therefore engaged in mechanical pursuit.” (Italics ours.)
 

 The evidence shows that the defendant in the case at bar worked every day in his cleaning establishment like the other workmen there, and used his hands and the machinery and equipment in his place of business in cleaning and blocking hats. The Bayley Case is therefore identical with the present case.
 

 In State v. Hirn, 46 La. Ann. 1443, 16 So. 403, the court said: “The occupation of the barber is mechanical, exempted from a license tax by the constitution; nor is the exemption denied
 
 because he employs other barbers in conducting his business. * * *
 

 “That the occupation of a barber is mechanical admits of no dispute. His labor is manual, using with his hands the instruments required for his employment. He comes within the definition of a mechanic, and his pursuit has been recognized as mechanical by the decisions of this court. State v. Dielenschneider, 44 La. Ann. 1116, 11 So. 823.
 

 “The exemption claimed is denied by the state,
 
 because he employs other barbers to assist in serving his customers. We do not pei~ceive that mailing himself of the assistance of other barbers takes him out of the exemption. Be is still a barber, although working with othei's. Be and they are alike exempt from license taxes.
 

 
 *821
 
 “The state relies on the twelfth section of the license act (No. 150 of 1890). That undertakes to tax mechanics who employ assistance. Thus, while the constitution exempts ¿ill engaged in mechanical pursuits,
 
 the statute proposes to tax mechantes who employ assistance.
 
 This is manifestly
 
 contrary to the constitution,
 
 and has been so held hy this court. City of New Orleans v. Bayley, 35 Ba. Ann. 545; City of New Orleans v. Lagman, 43 La. Ann. 1180, 10 So. 244.” (Italics ours.)
 

 3. Nor does the size of the income of defendant affect his exemption from the payment of a license tax.
 

 In our opinion, those engaged “in mechanical pursuits” are no more amenable to the payment of license taxes, because of the amount of their annual incomes, than are those engaged “in agricultural pursuits,” because they may have made good crops for particular years.
 

 It is the nature of the work in which the individual is engaged that determines whether or not he is exempt. Manifestly, the constitutional exemption is not limited to those engaged in mechanical pursuits, whose gross incomes do not exceed a certain amount, and who do not employ others to assist, but embraces all persons engaged in such pursuits.
 

 It is therefore ordered that the Judgment appealed from he annulled and reversed.
 

 It is now ordered that the injunction herein issued, enjoining defendant from the further pursuit of his business, be dissolved and refused; that the first mortgage lien and privilege, recognized in favor of the state on the property, movable and immovable, of the defendant, be canceled and erased; that the state’s demands be rejected; and that the state’s suit be dismissed.
 

 ST. PAUL and BRUNOT, JJ., dissent.