144 So. 714

**STATE v. UP–TO–DATE SHOE REPAIRING CO., Inc.**

No. 31830.

Oct. 31, 1932.

Rehearing Denied Nov. 28, 1932.

Charles J. Rivet, of New Orleans, for the State.

Jesse Chandler McGee, of New Orleans, for appellee.

ROGERS, J.

The state tax collector for the parish of Orleans appeals from a judgment rejecting his demand under section 25 of Act No. 205 of 1924 as amended by Act No. 241 of 1928 for an occupational license tax against the Up-To-

Date Shoe Repairing Company, Inc., a corporation engaged in the shoe-repairing business in the city of New Orleans. The license tax is demanded for the years 1929, 1930, and 1931; the defendant corporation having paid a license tax of $5 for each of the years 1930 and 1931, but none at all for the year 1929.

The defense which prevailed in the court below is that defendant, being engaged in a mechanical pursuit, is exempt from the payment of any license tax, under section 8 of article 10 of the Constitution of 1921.

The following is a reproduction of the pertinent portion of the constitutional article, viz.:

"License taxes may be levied on such classes of persons, associations of persons and corporations pursuing any trade, business, occupation, vocation or profession, as the Legislature may deem proper, except clerks, laborers, ministers of religion, school teachers, graduated trained nurses, those engaged in mechanical, agricultural, or horticultural pursuits or in operating saw mills."

Appellant contends that the business in which appellee is engaged is not a mechanical pursuit, and that the exemption from license taxes of "those engaged in mechanical pursuits" does not include corporations.

▪▪▪ We think that the business operated by defendant is a mechanical pursuit within the meaning of the constitutional exemption. See State v. Chicago Hat Works, 174 La. 814, 141 So. 844. But we also think that the exemption itself applies to individuals only and not to corporations.

The exempting provision first appears in the Constitution of 1879, and, with a few changes, was successively retained in the Constitutions of 1898, 1913 and 1921. The exemption granted to persons engaged in mining pursuits was omitted from the Constitution of 1913; and in the Constitution of 1921 the words "ministers of religion" were substituted for the term "clergymen," and graduated trained nurses and operators of sawmills were granted the exemption, while manufacturers were excluded therefrom.

▪▪▪ This court, in construing the exempting clauses of the Constitutions of 1879 and 1898, has invariably held that the exemption granted therein applies only to a mechanic who performs his work with his own hands, although the exemption is not denied him because he may obtain the help of other mechanics. See Theobalds v. Conner, 42 La. Ann. 787, 7 So. 689, 690; City of New Orleans v. O'Neil, 43 La. Ann. 1182, 10 So. 245; State v. McNally, 45 La. Ann. 44, 12 So. 117; City of New Orleans v. Pohlmann, 45 La. Ann. 219, 12 So. 116; City of New Orleans v. Leibe, 45 La. Ann. 346, 12 So. 625. This jurisprudence must be considered as controlling in the interpretation of the exempting clause of the Constitution of 1921.

In Theobalds v. Conner, the court said:

"A 'mechanic,' according to Worcester, is one employed in mechanical or manual labor; and 'mechanical' is defined to be 'employment in manual labor.' Taking the phrase 'engaged in mechanical pursuits' according to these definitions, and it is clear that the framers of the constitutional article intended to relieve from license those *persons who are engaged, from day to day, in the performance of manual labor in mechanical or agricultural pursuits;* and that the master builders and contractors, who employ others to do the work which they merely superin-

tend, should, like other professional men, pay the license tax." (Writer's italics.)

In City of New Orleans v. O'Neil, the question was exhaustively considered, and the court there held that the constitutional exemption was inapplicable to the employer of workmen in the execution of his contracts, and that, to be entitled to the exemption, the training and skill of the mechanic must be used by himself in performing his work.

In City of New Orleans v. Pohlmann, defendant, sued for license as a building contractor, set up the defense that he was a carpenter, and therefore, being engaged in a mechanical pursuit, he was exempt from the payment of any license tax. The court rejected the defense, finding that defendant was a contractor and not a mechanic in the sense of the constitutional exemption.

In State v. McNally, a carpenter who accepted contracts for the construction of buildings pleaded the constitutional exemption against a demand made on him for a license. But the court denied him the exemption, holding that it applied only to a mechanic who works at his trade, even if he employs other mechanics to assist him in the work, but not to a contractor who merely superintends the work and performs only such mechanical labor as he may see fit.

In City of New Orleans v. Leibe, the court, citing City of New Orleans v. Pohlmann and State v. McNally, held that a building contractor, who made the defense that he was a carpenter, was not exempt from the payment of a license tax.

This jurisprudence seems to be fully warranted by the language of the exempting clause itself. It appears to us that the author when he wrote the clause had in mind natural persons and not artificial persons. The exemption is granted to clerks, laborers, ministers of religion, school teachers, and graduated train nurses, all natural persons, and also to those (natural persons) engaged in mechanical pursuits.

If, as the jurisprudence holds, master builders and other persons who employ mechanics to do their work are amenable to license taxes, we see no good reason why corporations who also employ mechanics to do their work should not likewise be amenable to such taxes.

A corporation cannot possibly perform manual labor in mechanical pursuits. It may employ mechanics to do the work necessary for the transaction of its business, which may be of a mechanical nature; but, after all, it is the employer corporation and not the employee mechanics that is actually engaged in operating the corporate business. The corporation deals with the public and the public deals with the corporation; each being responsible to the other. No contractual relations whatever exist between the corporation's mechanics and the corporation's patrons. The corporation pays its employees the agreed wages, and, presumably, derives a profit from the difference between the amount of these wages, plus other operating expenses, and its receipts from the patrons of the enterprise in which it is engaged.

The purpose of the law, as we see it, is to exempt and encourage the mechanic who actually works at his trade with his own hands and not to exempt and protect an artificial being that merely profits by the use of the mechanic's labor and skill in the conduct of its own business.

Defendant cites the following cases, viz.: City of New Orleans v. Bayley, 35 La. Ann. 545; City of New Orleans v. Robira, 42 La. Ann. 1098, 8 So. 402, 11 L. R. A. 141; City of New Orleans v. Lagman, 43 La. Ann. 1180, 10 So. 244; State v. Dielenschneider, 44 La. Ann. 1116, 11 So. 823; State v. Hirn, 46 La. Ann. 1443, 16 So. 403; State v. Chicago Hat Works, 174 La. 814, 141 So. 844. But none of these cases is applicable to the point at issue.

The legal proposition considered and disposed of herein arose on defendant's exception, which was maintained by the court below. Hence there is no evidence in the record as to the amount of the annual receipts from defendant's business, on which the license tax exacted of defendant must be based. The case, therefore, will have to be remanded in order that the necessary proof may be made in that respect.

For the reasons assigned, the judgment appealed from is annulled, and the case is remanded to the district court, at defendant's cost, for further proceedings consistent with the views herein expressed.

ST. PAUL, J., concurs in the result.