ODOM, J.
 

 Daniel Kurica and John Zazulak are engaged, as partners, in the business of cleaning window's and window shades, washing and cleaning floors and the inside and outside walls of buildings. They advertise and do business under the firm name of “National Window Cleaning Company.” They maintain a small office in New Orleans, for which they pay a monthly rental of $25. The office is equipped with a desk, a typewriter, a table, a few chairs, and a telephone. They employ a young lady to stay in the office, answer the telephone calls, make out bills, and do such typewriting as is necessary.
 

 The state tax collector for the city of New Orleans ruled defendant to show causé why it should not pay a license tax for the years 1929, 1930, and 1931, it being alleged that the net receipts of the partnership for each of these years were between $6,000 and $8,000.
 

 In their return the defendants admit that for eighteen years they have been engaged in the business of cleaning windows, window shades, furniture, walls, and. floors and that they maintain an office at 834 Bienville street, in New Orleans. But they claim exemption from the payment of a license tax under section 8, art. 10, of the Constitution, 1921, for the reason that they are engaged in a mechanical pursuit.
 

 The trial court upheld their contention and dismissed the rule. The state appealed.
 

 1. The ruling was correct. Section 8, art. 10, of the Constitution provides that license taxes may be levied on such classes of persons and associations of persons pursuing any “trade, business, occupation, vocation or profession” as the Legislature may deem proper, except certain designated classes, among them being laborers and those engaged in mechanical pursuits.
 

 
 *321
 
 Kurica and Zazulak testified, and no one was called to dispute them, that they themselves do the work of washing and cleaning windows and window shades, cleaning furniture, scrubbing floors and the walls of houses with their own hands. When floors are to be cleaned, they get down on their knees and scrub; when windows and walls are to be washed, they take a bucket of water and a rag or sponge and soap and do the washing themselves. When shades are to be cleaned and mended, they are taken down and Zazulak, who does all that part of the work personally, takes them to his home, where he has a large table on which he spreads them and proceeds with his hands to clean them, and with his hands mends or patches them if necessary. If the edges are worn and frayed, he hems them, using an ordinary sewing machine. For taking spots off the shades, he uses a preparation about which others, he says, know nothing. But he applies the “spot removing” preparation with his hands. When he has no shades to clean and mend, he works with his partner, Kurica, in cleaning the houses. When they have more work than they can do themselves, they employ extra help. At times they have as many as six men to help them — at times none at all.
 

 They do work by contract, that is, they make contracts to clean houses for specified sums, they to furnish all labor and equipment, which consists of ladders, buckets, rags, sponges, mops, soap, or other cleansing material. On some contracts they make money — on others they lose.
 

 2. The Constitution of 1S79, art. 206 (and each one adopted since then) gave the Legislature authority to exact license taxes from persons pursuing certain “trades, professions, vocations and callings,” but especially exempted laborers and those engaged in mechanical pursuits. On many occasions since then, this court has been called upon to construe this exemption clause, as well as similar ones found in subsequent Constitutions. Further discussion of the subject would necessarily be but a repetition of the common sense interpretation long ago announced and repeatedly and consistently adhered to, which is, in sum and ' substance, that neither the state nor any of its subdivisions can exact a license -tax of the man who earns his living by laboring with his hands, who eats his bread in the sweat of his face.
 

 Kurica and Zazulak, partners in this housecleaning enterprise, perform manual labor for a livelihood. But counsel for the state tax collector argues that, Inasmuch as these men are associated as partners and as the license tax is demanded of the partnership and not of the individuals who compose it, the constitutional exemption does not apply. He likens a partnership to a corporation and cites the case of State v. Up-To-Date Shoe Repairing Co., Inc., 144 So. 714, 716,
 
 [1]
 
 decided October 31, 1932, where it was held that a -corporation is not exempt from the payment of a license tax even though engaged in a mechanical pursuit. The basis of that ruling is that it was not intended that' the constitutional exemption referred to .should protect a corporation, an artificial, fictitious person, which “profits by the use of the mechanic’s labor and skill in the conduct of its own business,” but to encourage the. “mechanic who actually works * * * • with his own hands.” .
 

 
 *323
 
 The holding in that case has no application to the one presently before us. In that case, the corporation employed the mechanics to work for it and profited by their labor. Here the members of the partnership do the work themselves. They are not employed by the partnership to do manual labor but merely work together as a matter of convenience, and do their own work.
 

 Counsel for the state says defendants are contractors who employ others to do work, “exclusive of the individual labor of its component members,” and for that reason the exemption does not apply to them.
 

 They are contractors only ■ in the limited sense that they do work by contract, by the job. But they are not “master contractors” in the sense that they take contracts and merely superintend and direct while others do the mechanical work. The fact that they employ others to assist them in doing the work does not affect their right to the exemption. The case of City of New Orleans v. A. Lagman
 
 &
 
 Son, 43 La. Ann. 1180, 10 So. 244, is on all fours with this one. There Lagman and his sons wox-ked together in the building of houses under the firm name of
 
 “Á.
 
 Lagman
 
 &
 
 Son.” They employed others to assist them, but they worked as carpenters also. It was held that they were exempt from the payment of a license tax.
 

 In the case of City of New Orleans v. O’Neil et al., 43 La. Ann. 1182, 10 So. 245, 246, the defendants were contractors and claimed the exemption on the ground that they were engaged in a mechanical pursuit. This was a companion case to that of City of New Orleans v. A. Lagman & Son reported in the same volume at page 1180, the two opinions being written by the same justice. But the court found that the facts were different in that in the O’Neil Case, defendants “laid off the works, used the squares, the spirit level, and the straight edge, and, as the building progressed in the construction, they used the plumb-line; they superintended.” And the court said: “The testimony in the pending cases does not disclose that the defendants ‘worked at their trade with their own hands.’ ”
 

 In City of New Orleans v. Bayley, 35 La. Ann. 545, it was held that the mere fact that one engaged -in a mechanical pursuit employs others to assist him does not deprive him of the right of exemption.
 

 All these eases are cited and reviewed in the recent cases of State v. Chicago Hat Works, 174 La. 814, 141 So. 844, and State v. Up-To-Date Shoe Repairing Co., supra.
 

 For the reasons assigned the judgment appealed from is affirmed.
 

 [1]
 

 175 La. 917.