163 So. 101

**STATE v. TUNG.**

No. 33371.

July 1, 1935.

Rehearing Denied Aug. 30, 1935.

L. R. Wertheimer, of New Orleans, for appellant.

Charles J. Rivet, of New Orleans, for the State.

ROGERS, Justice.

The defendant, Charles Tung, doing business as the Oriental Laundry, appeals from a judgment condemning him to pay an occupational license tax for the years 1933 and 1934, with interest, penalties, and costs. The judgment was rendered in a suit brought by the state tax collector for the city of New Orleans under section 25 of Act No. 190 of 1932, levying a license tax on "every individual, firm, association or corporation carrying on the profession or business of steam dyeing, steam cleaning, steam pressing, or the business of steam or

electric laundering." The defendant does not deny that he is engaged in the business described, but he resists the demand of the state tax collector on the ground that the statutory provision on which it is based is unconstitutional, because it is violative of section 8 of article 10 of the State Constitution 1921, exempting from license taxation those who are engaged in mechanical pursuits.

The record shows that defendant is engaged in an extensive and profitable business. He operates a large central laundry plant, where the work is actually performed, and ten branches, where clothes or other articles to be laundered, cleaned, or pressed are received and delivered. Besides other machines and equipment, he owns and uses twenty-five machines which are operated by steam. According to his books, his machinery and equipment is valued in excess of $41,000 and his furniture and fixtures, including typewriters and an adding machine, are valued in excess of $4,000. In the conduct of his business, defendant employs an engineer, twelve clerks, a bookkeeper, a certified public accountant, who audits his books once a week, and a young lady who acts as a receiving clerk. He has also from twenty-five to forty persons constantly at work in the laundry proper. He owns two trucks and employs two drivers to operate the trucks. About 60 per cent. of his employees are common laborers. The employees in the laundry work by the hour and are paid wages accordingly. The clerical employees are paid regular salaries. The branches are operated by agents on a commission basis. During the year 1932, defendant paid for

salaries and wages $17,154.91 and for commissions $8,387.70, or a total of $25,542.61. During the year 1933, defendant paid for salaries and wages $16,622.10 and for commissions $8,119.81, or a total of $24,741.91. Defendant's expense for advertising during the year 1932 was $2,203.10 and for the year 1933 his expense for advertising was $2,502.15.

From the foregoing statement of the nature of defendant's business, we think it is clear he cannot be classed as a mere launderer, pursuing his trade with the aid of other followers of the same trade. And this is true, notwithstanding defendant testified that he takes sufficient time off from the superintendence of the business to do the finer grades of laundry work performed in his plant. Without questioning defendant's honesty, the conclusion is inescapable that defendant, yielding to an infirmity common to all interested parties, has shaped his testimony in that respect so as to best serve the purposes of his case. That, persuaded by his interest, he has attempted to exaggerate the amount of work performed by him as a mere operative in his plant and to minimize the amount of work required of him as the superintendent of his extensive business.

The value of defendant's work as an operative in his plant is not shown, but clearly it is insignificant compared with the value of the work performed by the other operatives, on which he derives a profit. And if the value of defendant's work as a mere operative be deducted from the gross receipts of his business, it would not affect

the amount due by him as a license tax, if he is not exempt from such tax under the law.

We do not think the constitutional exemption invoked was intended to apply to a laundry business as extensive as the one conducted by the defendant. The purpose of the exemption is to encourage the mechanic who actually works at his trade with his own hands, although the exemption is not denied him if he obtains the help of other mechanics, and not to exempt and protect an employer who profits by the use of the mechanic's labor and skill in the conduct of his own business. State v. Up-To-Date Shoe Repairing Co., 175 La. 917, 144 So. 714.

Defendant refers to the case of State v. Chicago Hat Works, 174 La. 814, 141 So. 844, as supporting his contention. But that case is easily distinguishable from the instant case. The nature of the businesses involved is essentially different. There the defendant aided by two helpers and a woman to sew bands on the hats worked daily in his establishment, using his hands and machinery in cleaning and blocking hats. Here the defendant is conducting an extensive laundry business, requiring the operation of a large central plant with ten branches, the use of multifarious machinery and equipment, and the attendance and skill of a large number of operatives under his superintendence. The fact that the defendant may do a certain amount of manual labor himself does not bring his case within the rule applied in State v. Chicago Hat Works.

The rule governing this case was announced in City of New Orleans v. O'Neil, 43 La. Ann. 1182, 10 So. 245; State v. McNally, 45 La. Ann. 44, 12 So. 117; City of New Orleans v. Pohlmann, 45 La. Ann. 219, 12 So. 116; City of New Orleans v. Leibe, 45 La. Ann. 346, 12 So. 625, which was approved in State v. Up-To-Date Shoe Repairing Co., 175 La. 917, 144 So. 714. The rule is that the constitutional exemption granted to persons engaged in mechanical pursuits applies only to a mechanic who works at his trade, even if he employs other mechanics to assist him in his work, but not to the proprietor of a business whose principal task is to superintend the work of his employees, although such proprietor may choose also to work manually in the business.

Our conclusion is that section 25 of Act No. 190 of 1932 is not violative of section 8 of article 10 of the State Constitution, and that defendant is not entitled to the exemption granted by the constitutional provision.

For the reasons assigned, the judgment appealed from is affirmed at defendant's costs.

O'NIELL, C. J., and HIGGINS, J., absent.