165 So. 315

## STATE v. CRESCENT CITY LAUNDRIES, Inc.

### No. 33276.

Jan. 6, 1936.

Leo R. Wertheimer, of New Orleans, for appellant.

Charles J. Rivet, of New Orleans, for appellee.

ROGERS, Justice.

The Crescent City Laundries, Inc., is a corporation engaged in the steam dyeing, laundering, cleaning, and pressing business in the city of New Orleans. It operates seven large and widely separated plants in the city from which it derives a gross annual revenue in excess of $1,000,000. When sued by the state tax collector for occupational license taxes for the years 1933 and 1934 under section 25 of Act No. 190 of 1932, the corporation pleaded the constitutional exemption accorded to those engaged in mechanical pursuits and, alternatively, if such exemption was denied that it was deprived of the benefit of the equal protection clause of the Fourteenth Amendment to the Federal Constitution. The court below held that the pleas were not well-founded and adjudged defendant liable for the license taxes. Defendant has appealed from the judgment.

Section 25 of Act No. 190 of 1932, under which the license taxes are demanded, provides for the payment of such taxes by "every individual, firm, association or corporation carrying on the profession or business of steam dyeing, steam cleaning, steam pressing, or the business of steam or electric laundering."

Section 8 of article 10 of the Constitution of 1921, under which the exemption is claimed, excepts from license taxation those who are engaged in mechanical pursuits.

The exempting provision relied on by the defendant first appeared in the Constitution of 1879, and it was successively retained in the Constitutions of 1898, 1913, and 1921. This court from the beginning has consistently applied the exemption only to mechanics working at their trades, with or without the help of other mechanics. See City of New Orleans v. Bayley, 35 La.Ann. 545; Theobalds v. Conner, 42 La.Ann. 787, 7 So. 689, 690; City of New Orleans v. Robira, 42 La.Ann. 1098, 1099, 8 So. 402, 11 L.R.A. 141; City of New Orleans v. Lagman, 43 La.Ann. 1180, 10 So. 244; City of New Orleans v. O'Neil, 43 La.Ann. 1182, 10 So. 245; State v. Dielenschneider, 44 La. Ann. 1116, 11 So. 823; State v. McNally, 45 La.Ann. 44, 12 So. 117; City of New Orleans v. Pohlmann, 45 La. Ann. 219, 12 So. 116; City of New Orleans v. Leibe, 45 La.Ann. 346, 12 So. 625; State v. Hirn, 46 La.Ann. 1443, 16 So. 403; State v. C. C. Hartwell Co., 117 La. 144, 41 So. 444; State v. Chicago Hat Works, 174 La. 814, 141 So. 844; State v. Up-To-Date Shoe Repairing Co., Inc., 175 La. 917, 144 So. 714; State v. Tung, 183 La. 281, 163 So. 101, 102, 100 A. L.R. 1030.

Thus in the early case of Theobalds v. Conner, this court pointed out, "that the framers of the constitutional article intended to relieve from license those persons who are engaged, from day to day, in the performance of manual labor in mechanical * * * pursuits." And in State v. Tung, the last case in which the question was presented, this court said: "The purpose of the exemption is to encourage the mechanic who actually works at his trade with his own hands, * * * and not to exempt and protect an employer who profits by the use of the mechanic's labor and skill in the conduct of his own business."

It is clear that under this well-settled jurisprudence, the character of defendant's business does not bring the business within the constitutional exemption. Defendant is not a mechanic performing his work with his own hands with the help of a few assistants. Defendant carries on its business through persons, many of whom are not mechanics, which it employs to do the work. Defendant's business is managed by its executive officers, and its work is superintended by persons expressly employed for that purpose. The business is identical in character, but more extensive in scope and operation, with the business conducted by Charles Tung under the name of the Oriental Laundry, which this court only recently held was not entitled to the benefit of the constitutional exemption. See State v. Tung, hereinabove referred to.

While apparently conceding the jurisprudence is as we have stated, defendant strenuously argues that the jurisprudence is unsound. Defendant's argument is leveled mainly at our recent decision in State v. Up-To-Date Shoe Repairing Co., hereinabove referred to, wherein the jurisprudence is reviewed, which defendant contends is in conflict with the case of State v. C. C. Hartwell Co., also hereinabove referred to. In support of the contention that the cases conflict, defendant, in its brief, quotes the following language appearing on page 148 of 117 La., on page 446 of 41 So., as expressing the court's view of the law and as constituting the basis of the court's decision in the Hartwell Case, viz.:

"The exemption accorded is not in favor of mechanics, agriculturists, or farmers and miners, but 'those engaged in a mechanical, agricultural and mechanical pursuit,' which necessarily included corporations. There is therefore no difference between a person who is engaged in a mechanical pursuit and a corporation so engaged, as the article applies to both persons and corporations."

But defendant is clearly in error in its appreciation of the decision in the Hartwell Case. The language which it quotes and relies on as an authoritative declaration of the law is nothing more than the defendant's contention which is reproduced by the court in its opinion. That is indicated in the opinion itself. On page 146 of 117 La., on page 445 of 41 So., under the caption, "Counsel for the state say," the court states the contentions of the state. On page 148 of 117 La., on page 445 of 41 So., under the caption, "Defendants state their position as follows," the court sets forth the contentions of the defendant. Among those contentions, as reproduced by the court, appears defendant's contention that the exemption pleaded included corporations as well as individuals, which is embodied in the hereinabove quoted statement appearing in the brief of the defendant in this case.

Our understanding of the opinion of the court in the Hartwell Case is confirmed by the record of that case on file in this court. An examination of the brief filed on behalf of the defendant in the Hartwell Case discloses that the court in stating defendant's position merely repeated the language contained on pages 1, 2, and 3 of the brief. The language quoted and relied on by the defendant in this case appears on page 3 of the brief filed on behalf of the defendant in the

Hartwell Case. We quote from the brief as follows, viz.:

"Right here it is well to note that the terms of article 229 is not as contended for by the state. The exemption accorded is not in favor of mechanics, agriculturists, or farmers and miners, but 'those engaged in a mechanical, agricultural and mechanical pursuit,' which necessarily included corporations.

"There is therefore no difference between a person who is engaged in a mechanical pursuit and a corporation so engaged, as the article applies to both persons and corporations."

As we read the opinion of the court in the Hartwell Case, it is in line with the established jurisprudence and against the position assumed by the defendant in this case.

In the Hartwell Case, as shown by the opinion therein, there was no issue as to whether the defendant corporation was liable as dealer, because it had paid a license as such. The clear-cut issue presented was whether the defendant corporation was liable for a license as a "contractor" or "mechanic who employed assistants." And the court held that the defendant corporation was liable for the license claimed, though the work done by the corporation was mechanical in character.

■ We have reached the same conclusion in this case that we reached in the case of State v. Tung, hereinabove referred to, namely, that section 25 of Act No. 190 of 1932 is not violative of section 8 of article 10 of the State Constitution, and that the defendant is not entitled to the exemption granted by the constitutional provision.

■ Defendant further contends that under the interpretation placed by this court on the constitutional exemption it is denied the equal protection of the law under the Fourteenth Amendment to the Constitution of the United States. The contention is predicated on defendant's conclusion that as a result of the jurisprudence established by the uniform decisions of this court, natural persons are exempt from the license tax imposed by section 25 of Act 190 of 1932, whereas corporations are not. We find no force in the contention.

An examination of all the cases in which the question has been presented discloses that the sole distinction made between those who are subject to the license tax and those who are not is that the latter class of persons actually perform the manual labor themselves, while the former class of persons, whether natural or artificial, carry on the business through other persons who are hired for that purpose. The distinction, such as it is, is reasonable and substantial.

We think it is perfectly clear that no discrimination is made in the jurisprudence interpreting either section 8 of article 10 of the State Constitution or section 25 of Act No. 190 of 1932 between corporations and individuals who carry on their business through persons who are hired to do the work. And certainly the officers of the state in charge of collecting license taxes have not exhibited any such discrimination in their application of the law.

In State v. Tung, hereinabove referred to, the state sued to compel Tung, a natural person, to pay license taxes under section 25 of Act 190 of 1932 for the privilege of

carrying on the business of steam dyeing, steam cleaning, steam pressing, and steam laundering. As a defense to the suit, Tung pleaded the constitutional exemption granted to persons engaged in mechanical pursuits. This court denied the exemption and held Tung liable for the license tax. The decision was predicated on the character of the business conducted by Tung and not on the character of its ownership.

Defendant cites and strongly relies on the case of Quaker City Cab Co. v. Pennsylvania, 277 U.S. 389, 48 S.Ct. 553, 72 L.Ed. 927, in support of its contention that a distinction as to the ownership of the thing taxed cannot be made between a corporation and an individual. But no such distinction has been made in the jurisprudence of this state. This court, in applying the law, has made no discrimination between corporations and individuals similarly situated. In none of the decisions of this court has it been held that a business was exempt from license taxes solely because it was owned by an individual. On the contrary, in every instance where an individual employed other persons to do the work the tax was sustained.

In Quong Wing v. Kirkendall, 223 U.S. 59, 32 S.Ct. 192, 56 L.Ed. 350, it was held, as shown by the syllabus, that: "Exempting steam laundries and women engaged in the laundry business, where not more than two women are employed, from the license tax imposed by Mont.Rev.Codes, § 2776, upon the laundry business, does not deny the equal protection of the laws to a man operating a hand laundry." That being true, we do not see how it can be successfully

contended that a provision exempting from license taxes a person operating a laundry with his own hands or with the help of a few other mechanics denies the equal protection of the laws to a corporation or an individual that operates a laundry requiring the use of multifarious machinery and equipment and the employment of numerous assistants of various professions and trades.

Our conclusion is that the statutory provision applicable to defendant's business, as construed by the decisions of this court, is not violative of the equal protection clause of Federal Constitution. Quong Wing v. Kirkendall, hereinabove referred to. See, also, State Board of Tax Commissioners v. Jackson, 283 U.S. 527, 51 S.Ct. 540, 75 L.Ed. 1248, 73 A.L.R. 1464.

For the reasons assigned, the judgment herein appealed from is affirmed.