**182 So. 659**

**STATE v. LEVY.**

**No. 34888.**

June 27, 1938.

Hugh M. Wilkinson, A. Miles Coe, and Harry Nowalsky, all of New Orleans, for appellant.

Charles J. Rivet, of New Orleans, for the State.

PONDER, Justice.

This is an appeal from a judgment condemning the defendant to pay an occupational license tax, interest, attorney's fees and cost.

The pertinent facts are to the effect that on January 27, 1934 the defendant entered into a contract with the Maison Blanche Company, a large department store in the city of New Orleans, whereby the Maison Blanche Company leased to the defendant a certain portion of the floor space in the Annex building set aside for a department. The defendant was to operate a department for the repair, dyeing and polishing of shoes and for the sale of shoe accessories. The defendant was to employ such number of employees as was necessary to conduct the department. At the end of each day the defendant was to turn over the entire receipts received by this department to the Maison Blanche Company. The Maison Blanche Company was to pay all the em-

ployees in the first instance and deduct such amount each month in the settlement with the defendant. It was provided that the settlement was to be made with the defendant on the 15th day of each month for the previous month's sales. The defendant was to pay the Maison Blanche Company 15% of the gross receipts received by the department and the defendant guaranteed that the 15% would not be less than $3,600 per annum. It was agreed that the minimum amount to be paid per annum by the defendant to the Maison Blanche Company would be $3,600. All the advertisement of the department was to be under the supervision of the Maison Blanche Company. The defendant operated the department under this contract during the years 1934, 1935, 1936 and 1937 and to the date of this suit.

The State contends that the defendant operating this department or concession in this large department store is engaged in a business which requires the payment of an occupational license tax under the provisions of Section 17 of Act No. 15 of the General Assembly of 1934, 3d Ex. Sess.

The defendant contends that he is engaged in a mechanical pursuit and under the provisions of Section 8 of Article 10 of the Constitution of 1921 he is exempt from the payment of such tax.

The testimony, which is conflicting, shows that the defendant is a trained cobbler and from time to time does such work in the department as well as other work necessary to supervise and operate the department. Six other persons are em-

ployed by the defendant in the operation of the department, four of which are cobblers and two of which are young ladies. One young lady assists in the repair of shoes and the other young lady works in the front of the department making out checks and delivering the cobbled shoes to the customers.

The lower court rendered judgment condemning the defendant to pay the occupational license tax for the years 1935, 1936 and 1937, with interest, attorney's fees and cost, from which judgment the defendant appeals.

Under the provisions of Article 10, Section 8 of the Constitution of 1921 those engaged in mechanical pursuits are exempt from the payment of occupational license taxes. A similar provision was contained in the Constitution of 1879, 1898 and 1913. This Court in construing such exemptions has invariably held that the exemption granted applies only to one engaged in a mechanical pursuit who performs his work with his own hands, and that the exemption is not denied such one that may obtain other mechanics to assist him. The most recent decision by this Court reviewing prior jurisprudence was the case of State v. Tung, 183 La. 281, 163 So. 101, 100 A.L.R. 1030, wherein the Court after reviewing the prior decisions stated that (page 102), "The rule is that the constitutional exemption granted to persons engaged in mechanical pursuits applies only to a mechanic who works at his trade, even if he employs other mechanics to assist him in his work, but not to the proprietor of a business whose principal task

is to superintend the work of his employees, although such proprietor may choose also to work manually in the business." This Court having so recently reviewed the prior jurisprudence in State v. Tung, supra, with regard to this subject matter there could be no purpose gained by again reviewing the prior decisions.

It appears that the defendant especially relies on two decisions by this Court, State v. Up-To-Date Shoe Repairing Company, 175 La. 917, 918, 144 So. 714, and State v. National Window Cleaning Company, 176 La. 318, 145 So. 673.

In the case of State v. Up-To-Date Shoe Repairing Company, supra, it was held to the effect that the shoe repairing business was a mechanical pursuit but that a corporation engaged in such pursuit was not exempt from an occupational license tax.

In the case of State v. National Window Cleaning Company, supra, it was held to the effect that two persons operating as partners in the work of washing and cleaning windows and window shades, cleaning furniture, scrubbing floors and walls of houses with their own hands were exempt from the payment of such license tax. The members of the partnership did the actual work themselves.

In the instant case the defendant was operating a department in a large department store under a contract. The contract did not provide that the defendant should himself engage in the actual repairing of shoes, etc., but provided that the defendant was at all times to have a sufficient number of employees to properly conduct the business. The defendant agreed that all of these employees should be subject to the rules and regulations of the Maison Blanche Company. Under the very terms of the contract it could not be said that the employees were employed by the defendant to assist him in a mechanical pursuit. Under the contract the defendant would be the proprietor of the department and have the management of the department and the mere fact that he chose to work at times repairing shoes, etc., could not change the nature of the enterprise.

The defendant, a proprietor of a department in a department store, is not exempt from the payment of the occupational license tax. He is not engaged in a mechanical pursuit as contemplated by Section 8, Article 10 of the Constitution of 1921.

For the reasons assigned, the judgment is affirmed at appellant's cost.

ODOM and FOURNET, JJ., take no part.